UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC.; MEDIMPACT INTERNATIONAL LLC; MEDIMPACT INTERNATIONAL HONG KONG LTD , <br><br> Plaintiffs, <br><br> v. <br><br> IQVIA HOLDINGS, INC.; IQVIA INC.; IQVIA AG; OMAR GHOSHEH; AMIT SADANA, <br><br> Defendants. | Case No.: 19cv1865-GPC-LL <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR EXPEDITED OR EARLY DISCOVERY** <br><br> **[ECF Nos. 11, 12]** |

Currently before the Court is Plaintiffs' October 3, 2019 motion for permission to serve expedited or early discovery pursuant to Federal Rule of Civil Procedure 26(d)(1) on Defendants IQVIA Holdings, Inc. and IQVIA Inc. [ECF Nos. 11 (sealed), 12-1 ("Mot.")], Defendants IQVIA Holdings, Inc. and IQVIA Inc.'s (collectively "IQVIA US" or "Defendants") November 1, 2019 opposition [ECF Nos. 29 (sealed), 30 ("Oppo.")], and Plaintiffs' November 8, 2019 reply [ECF No. 36 ("Reply")]. For the reasons set forth

below, the Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' motion for expedited or early discovery.

## I. BACKGROUND

Plaintiffs MedImpact Healthcare Systems, Inc., MedImpact International, LLC, and MedImpact International Hong Kong, Ltd. (collectively "MedImpact" or "Plaintiffs") are in the business of providing services to health plans, third-party administrators, self-funded employers, and governments. Mot. at 7. Plaintiffs' main product is its "pharmacy benefit management ("PBM") platform that enables patients and pharmacies to efficiently obtain insurance approvals for prescribed medicines." Id. Defendants IQVIA US are a "global provider of advanced analytics, technology solutions, healthcare data and contract research services to the life sciences industry." Id. at 8.

On September 26, 2019, Plaintiffs filed a complaint against Defendants alleging (1) misappropriation of trade secrets under California Uniform Trade Secrets Act, (2) misappropriation of trade secrets under Defend Trade Secrets Act, 18 U.S.C. § 1836, (3) intentional interference with prospective economic relations, (4) negligent interference with prospective economic relations, (5) intentional interference with a contractual relationship, (6) inducing breach of contract, (7) unfair competition in violation of California Business & Professions Code section 17200, (8) violation of Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c), (9) unjust enrichment, (10) civil conspiracy, and (11) conversion.[1] ECF No. 1.

On October 3, 2019, Plaintiffs filed the instant motion for expedited discovery requesting: (1) five Requests for Production of documents, (2) two Interrogatories, and (3) one deposition of IQVIA US. Mot. at 15. The proposed discovery "seeks the identification of claim adjudication/processing and PBM services/products offered by

---

[1] The complaint also alleges breach of fiduciary duties and duty of loyalties owed to the joint venture and MedImpact, against Defendants Omar Ghosheh and Amit Sadana only. ECF No. 1 at 44–45.

IQVIA [US] from February 2019 to the present, identification of the entities it was offered to, and the related documents" and the documents received from Dimensions Healthcare, LLC from February 2019 to the present relating to claim adjudication/processing and PBM services/products. Id.; ECF Nos. 12-9 at 8–9, 12-10 at 7–8. The Court issued a briefing schedule on October 18, 2019. ECF No. 19. Defendants timely filed an opposition and Plaintiffs timely filed a reply. Oppo., Reply.

On October 17, 2019, the district judge granted IQVIA US's request to extend their time to file a responsive pleading to Plaintiff's complaint by sixty days, from October 21, 2019 to and including December 20, 2019. ECF No. 18.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(d) states that a party "may not seek discovery from any source" prior to the conference required by Rule 26(f), which must take place at least twenty-one days before the initial Case Management Conference.[2] Fed. R. Civ. P. 26(d), (f). Discovery may commence prior to the Rule 26(f) meeting if allowed by court order or agreement of the parties. Fed. R. Civ. P. 26(d)(1). Courts in the Ninth Circuit permit early discovery if the requesting party demonstrates good cause. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. In determining whether good cause justifies expedited discovery, courts commonly consider the following non-exhaustive factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (citation omitted); Synopsys, Inc. v. AzurEngine Techs., Inc.,

---

[2] The use of "Rule" refers to the Federal Rules of Civil Procedure, unless otherwise stated.

No. 19cv1443-LAB (AGS), 2019 WL 3842996, at *5 (S.D. Cal. Aug. 15, 2019) (quoting Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d at 1067).

## III. DISCUSSION

### A. Parties' Positions

Plaintiffs argue in their motion that (1) "there is reason to believe that [Defendants] [are] actively causing MedImpact irreparable harm in various international markets" [Mot. at 5–6]; (2) "expedited discovery may help to prevent potential spoliation" [id. at 6–7]; and (3) Plaintiffs' "requested discovery is narrowly tailored in scope and breadth and will not be an undue burden" on Defendants [id. at 7]. Plaintiffs further argue that good cause exists for expedited discovery because (1) the express purpose of the request is to determine whether Plaintiffs must seek a preliminary injunction, which "is a less disruptive approach than seeking a preliminary injunction in the first instance" [id. at 14, 15]; (2) the limited discovery requested is a subset of the same discovery Defendants will need to respond to during the litigation [id. at 16]; and (3) Plaintiffs "simply cannot wait for regular discovery timeframes without potentially risking irreparable harm" [id. at 17].

Defendants argue that (1) Plaintiffs' complaints have already been resolved in binding arbitration between Plaintiffs and a subsidiary of Defendants [Oppo. at 6; ECF No. 29 (sealed) at 6;]; (2) the only support Plaintiffs offer for their claims that Defendants are likely misappropriating Plaintiffs' trade secrets are unavailing because they do not indicate that Defendants are engaging in PBM services [Oppo. at 7–8]; and (3) Plaintiffs have not shown that emergency circumstances exist that require expedited discovery [id. at 8–9]. Defendants further contend that good cause does not exist for expedited discovery because (1) currently, there is no pending motion for preliminary injunction [id. at 10–11]; (2) Defendants anticipate filing motions to dismiss Plaintiffs' complaint "on numerous grounds, including failure to state a claim and lack of personal jurisdiction," which makes expedited discovery premature [id. at 13–14]; (3) the proposed written discovery requests are overly broad, unduly burdensome, costly, and disruptive to business operations because it "could potentially require canvassing business operations across 100 countries"

4

[id at 14]; (4) the proposed deposition is "a disruptive and burdensome task on the business" at this stage of the proceeding when Plaintiffs have "not put forth any evidence to support its baseless allegations" [id.]; (5) Plaintiffs waited over eight months to bring the instant motion after learning of the alleged potential trade secrets misappropriation [id. at 15–16]; (6) Plaintiffs do not "provide any evidence to support its speculation that it may suffer some future harm that changes the *status quo ante*" [id. at 18]; and (7) Plaintiffs have provided "no basis for any claim that IQVIA US has or would destroy evidence" [id. at 19].

In their Reply, Plaintiffs argue that (1) "while IQVIA argues there is no evidence thus far that its US entities are providing PBM services, IQVIA makes no representation that the myriad entities it controls around the world are not doing so" [Reply at 2]; (2) Defendants carefully avoid stating that they and their subsidiaries "are bound by and in compliance with the permanent injunction the Tribunal entered" [id.]; (3) evidence shows that Defendants' subsidiary has passed Plaintiffs' trade secrets to Defendants [id. at 5–6]; (4) Plaintiffs did not delay because "[t]he requested expedited discovery is intentionally not related to the acts MedImpact learned about during the arbitration proceedings (which occurred prior to February 2019) and is expressly seeking on an expedited basis only recent information" [id. at 9–10]; and (5) "if Defendants are not engaged in PBM services as they claim, then the answer to the discovery is not burdensome or disruptive because it is easily answered with a 'no'" [id. at 10–11].

**B.  Analysis**

Upon review of the parties' briefing and arguments and the relevant legal standard, the Court finds that Plaintiffs have demonstrated good cause to conduct some, but not all, of the requested expedited discovery.

### 1.  Preliminary injunction

Plaintiffs indicate that the purpose of the expedited discovery request is to determine whether they should move for preliminary injunction. The absence or presence of a pending motion for preliminary injunction is not dispositive toward a finding of good cause. See

Citizens for Quality Educ. San Diego v. San Diego Unified Sch. Dist., No. 17-CV-1054-BAS-JMA, 2018 WL 1150836, at *2 (S.D. Cal. Mar. 5, 2018) ("But the mere fact that party has moved for a preliminary injunction does not thereby entitle the party to receive expedited discovery. Any discovery sought for a preliminary injunction must be evaluated against the purpose of a preliminary injunction, *i.e.*, to preserve the status quo." (citations omitted)); Apple Inc. v. Samsung Elecs. Co., No. 11-CV-01846-LHK, 2011 WL 1938154, at *2 (N.D. Cal. May 18, 2011) ("[C]ourts have found that expedited discovery may be justified to allow a plaintiff to determine whether to seek an early injunction."). The fact that there is currently no pending motion for preliminary injunction weighs against expedited discovery because its absence lessens the urgency for early discovery.

### 2. Breadth of the discovery requests

Plaintiffs contend that the proposed discovery is narrowly targeted to determine the extent, if any, to which their trade secrets may have flowed from Defendants to its other subsidiaries around the world over the last nine months. Reply at 9. Defendants make only one conclusory statement regarding the scope of the proposed discovery requests: that it is "overly broad." Oppo. at 14. Otherwise, they attack the scope as unnecessary and as an impermissible request for merits discovery. Oppo. at 12–14.

The Court finds this factor weighs in favor of expedited discovery. Plaintiffs' proposed discovery requests are narrowly tailored with respect to the time period because they seek responsive documents and information from February 2019 to the present. Plaintiff's complaint alleges misappropriation "beginning in at least mid-2017," so the timing is tailored to address new instances of misappropriation. See ECF No. 1 at 28. The two Interrogatories seek identification of all "services, technology, systems, products and processes offered by [Defendants] from February 2019 to the present, relating to claim adjudication, claim processing, pharmacy benefit management, medicine/drug utilization review, or clinical edits" and identities of the entities it was offered to. ECF No. 12-10 at 7–8. The scope of the Interrogatories and the deposition appears narrowly tailored for a determination of whether to grant or deny a preliminary injunction. The scope of the

Requests for Production also appears narrowly tailored in seeking documents and things related to allegedly infringing services or products offered, given, or received by Defendants since February 2019. The temporal limitation combined with the narrow scope distinguishes these requests from a premature merits-based request. See Citizens for Quality Educ. San Diego v. San Diego Unified Sch. Dist., No. 17-CV-1054-BAS-JMA, 2018 WL 1150836, at *4 (S.D. Cal. Mar. 5, 2018) ("The hallmark of an impermissible merits discovery request—although framed as a limited discovery request necessary to establish a factual record for a preliminary injunction—is the request's overbreadth.").

### 3. Purpose for requesting expedited discovery

The Court finds this factor weighs in favor of expedited discovery because Plaintiffs seek it to determine whether Defendants are presently engaging in misappropriation of their trade secrets. See Apple Inc. v. Samsung Elecs. Co., 2011 WL 1938154, at *2 (finding good cause for expedited discovery in part because the purpose was "to prevent alleged infringement of its intellectual property and to forestall allegedly irreparable harm associated with a loss of market share and consumer good will"); Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. at 276 ("It should be noted that courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition."). The Court finds no support for Plaintiffs' allegations of potential spoliation. The Court is also unpersuaded by Defendants' arguments of a lack of indication of future harm and delay. Although the Court makes no opinion on the merits of Plaintiffs' claims or their potential motion for preliminary injunction, they have proffered evidence that a subsidiary of Defendants misappropriated Plaintiffs' trade secrets and that Defendants in turn misappropriated the same trade secrets beginning in 2017. Future harm is possible if Plaintiff's allegations are true because as Defendants state, they have "business operations across 100 countries" and could have recently disclosed Plaintiffs' trade secrets with any of those operations. See Oppo. at 14.

///

///

### 4. Burden on Defendants to comply with the requests

The Court finds that this factor weighs against expedited discovery as to some of the proposed discovery. The document requests at this early stage would be burdensome because they would require Defendants to conduct a wide-ranging investigation for documents and things "related to" pharmacy benefit management services offered, given, or received by Defendants. ECF No. 12-9 at 8–9; see Apple Inc. v. Samsung Elecs. Co., 2011 WL 1938154, at *3 (finding requests for production in an expedited discovery motion to be unduly burdensome in part because "it would require [defendant] to undertake a wide-ranging investigation to determine whether any such documents exist"). Likewise, the deposition of Defendants at this procedural stage—before Defendants have even responded to the complaint—would be burdensome because the representative may not have sufficient time or information to prepare. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. at 277 (granting expedited discovery in part because it did not involve a request for "a free ranging deposition for which a representative of Defendants may not have had sufficient time or information with which to prepare"). The Court finds the two Interrogatories are not unduly burdensome because they are sufficiently limited. To the extent that Defendants claim that canvassing its numerous business operations around the globe is a burdensome and disruptive task, the Court finds current technology is sufficient to respond to these narrow requests. See id. (granting expedited discovery for production of documents in a foreign country in part because any logistical inconvenience was overcome by current communication technology and the narrow requests).

### 5. Divergence from typical discovery process

The Court finds this factor weighs slightly against expedited discovery because in the normal course, discovery in this case would begin in approximately two months if Defendants file an answer, or possibly months later if Defendants file a motion to dismiss, which is what they indicate they will do. A pending motion to dismiss is not dispositive to a finding of good cause for expedited discovery. See Hardie v. N.C.A.A., No. 13CV346-W DHB, 2013 WL 1399333, at *2 (S.D. Cal. Apr. 5, 2013) (recognizing that motion to

dismiss may weigh against expedited discovery in some cases, but granting expedited discovery request even with a pending motion to dismiss); Quintero Family Tr. v. Onewest Bank, F.S.B., No. 09cv1561 IEG AJB, 2009 WL 3381804, at *1–2 (S.D. Cal. Oct. 16, 2009) (granting expedited discovery request when a motion to dismiss was pending).

### C. Finding

Weighing all the factors and considering whether the need for expedited discovery outweighs the prejudice to the responding party, the Court finds Plaintiffs have shown good cause for the following expedited discovery requests: Interrogatory No. 1 and Interrogatory No. 2. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273 at 276. The Court finds Plaintiffs have not shown good cause for the following expedited discovery requests: all five Requests for Production and a deposition of Defendants. Id.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' motion for expedited or early discovery as follows:

- Defendants are **ORDERED** to respond to Interrogatory No. 1 and Interrogatory No. 2 [ECF No. 12-10] propounded by Plaintiffs on or before **December 30, 2019**.

**IT IS SO ORDERED**.

Dated: November 25, 2019

Honorable Linda Lopez
United States Magistrate Judge