UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., a California corporation, MEDIMPACT INTERNATIONAL LLC, a California limited liability company, MEDIMPACT INTERNATIONAL HONG KONG LTD., a Hong Kong company,<br><br>             Plaintiffs,<br><br>       v.<br><br>IQVIA INC., a Connecticut corporation, IQVIA Ltd., a UK company, IQVIA AG, a Swiss company, OMAR GHOSHEH, individually, and AMIT SADANA individually,<br><br>             Defendants. | **Case No. 3:19-cv-01865-GPC-LL**<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO FILE UNDER SEAL PURSUANT TO L.R. 79.2**<br><br>**[Dkt. No. 104.]** |

**ORDER**

Before the Court is Defendants' Motion to Seal the following documents: (i) Exhibits A through H to the Declaration of W. Bart Rankin ("Rankin Declaration") filed concurrently with Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint Under Rule 12(b)(2); (ii) Exhibits A through C to the Declaration of Teresa H. Michaud ("Michaud Declaration") filed concurrently with Defendants' Reply in Support of their Motion to Dismiss Under Rule 12(b)(6); (iii) Exhibit A to the declaration of Amit Sadana ("Sadana Declaration") filed concurrently with Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint Under Rule 12(b)(2), as well as corresponding potions of Defendants' briefs filed in support of their Motions to Dismiss Plaintiffs' First Amended Complaint Under Rules 12(b)(2) and 12(b)(6) (collectively, the "Motions"), the aforementioned Rankin, Michaud and Sadana Declarations, and the declarations of Dr. Omar Ghosheh ("Ghosheh Declaration") and Carlos Santos ("Santos Declaration") filed concurrently with Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint Under Rule 12(b)(2).

The Motion to Seal seeks to have certain portions of the Motions, and Rankin, Michaud, Ghosheh, Santos, and Sadana Declarations permanently sealed from public view because they were generated or produced in, or otherwise relate to, prior confidential arbitration proceedings before the Dubai International Financial Centre-London Court of International Arbitration and contain sensitive, non-public confidential business information, the disclosure of which would subject Plaintiffs and third-parties to a risk of substantial harm or prejudice. These portions include confidential witness statements and excerpts from the Arbitral Tribunal's Partial Final Award, both of which detail confidential business information belonging to Plaintiffs' and non-party Dimensions. *See McArdle v. AT&T Mobility LLC*, No. 09-cv-1117 CW, 2018 U.S. Dist. LEXIS 218070, at *13 (N.D. Cal. Aug. 13, 2018) (finding "compelling reasons" to seal arbitration documents).

     In addition, the Motion to Seal seeks to have Exhibit A to the Sadana Declaration, as well as portions of the Sadana, Santos, and Ghosheh Declarations permanently sealed from public view because they implicate Plaintiffs', Defendants', and third parties' confidential and sensitive business information.

     Based on the foregoing, the Court finds there exist compelling reasons to seal the requested information, submitted in support of Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint Under Rules 12(b)(2) and 12(b)(6), and Defendants Motion to Seal is therefore GRANTED.  It is ORDERED that identified portions shall be SEALED until further order of this Court.

**IT IS SO ORDERED.**
Dated:  August 5, 2020

Hon. Gonzalo P. Curiel
United States District Judge