Callie A. Bjurstrom (SBN 137816)
callie.bjurstrom@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
501 West Broadway, Suite 1100
San Diego, CA 92101-3575
Telephone:    619.544.3107
Facsimile:    619.236.1995

Kenneth W. Taber (admitted pro hac vice)
kenneth.taber@pillsburylaw.com
Ari M. Berman (admitted pro hac vice)
ari.berman@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019-6131
Telephone:   212.858.1813
Facsimile:   212.298.8405

[ADDITIONAL COUNSEL LISTED
ON SIGNATURE PAGE]

Attorneys for Defendants IQVIA INC., IQVIA LTD.,
IQVIA AG, OMAR GHOSHEH and AMIT SADANA

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., a California corporation, MEDIMPACT INTERNATIONAL LLC, a California limited liability company, MEDIMPACT INTERNATIONAL HONG KONG LTD., a Hong Kong company,<br><br>Plaintiffs,<br><br>vs.<br><br>IQVIA INC., a Connecticut corporation; IQVIA LTD., a United Kingdom company; IQVIA AG, a Swiss company; OMAR GHOSHEH, individually; and AMIT SADANA, individually, and DOES 1-20,<br><br>Defendants. | Case No. 3:19-cv-01865-GPC-DEB<br><br>***REDACTED VERSION***<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO PARTIALLY STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:  TBD<br>Time:  TBD<br>Dept.:  3A<br>Magistrate Judge: Hon. Daniel E. Butcher<br>Action Filed:    September 26, 2019<br>FAC Filed:      April 7, 2020 |

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND ...................................................2

    A.    The Partial Summary Judgment Motion. ......................................................2

    B.    Plaintiffs' Discovery Requests at which the Partial Stay is Aimed ...........4

ARGUMENT .................................................................................................................5

I.    THE PARTIAL SUMMARY JUDGMENT MOTION WILL BE DISPOSITIVE ON THE ISSUES AT WHICH THE PARTIAL STAY IS AIMED AND CAN BE DECIDED ABSENT ADDITIONAL DISCOVERY. ...............................................................................................5

    A.    The Partial Summary Judgment Motion is Potentially Dispositive of the Issues at which the Partial Stay is Aimed. ............................................6

    B.    The Partial Summary Judgment Motion can be Decided Absent Additional Discovery. ..................................................................................9

II.   THE BURDEN ON DEFENDANTS AND GENENTECH OF PROCEEDING WITH DISCOVERY ON THE PRECLUDED CLAIMS IS SIGNIFICANT. ..................................................................................................9

III.  THE PARTIAL STAY WILL NOT UNFAIRLY PREJUDICE PLAINTIFFS. ....................................................................................................11

CONCLUSION ............................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Al Otro Lado, Inc. v. Nielsen*,
   No. 17-cv-02366 (BAS) (KSC), 2018 WL 679483 (S.D. Cal. Jan. 31, 2018) .................................................................................................................. 7

*Apple Inc. v. Qualcomm Inc.*,
   No. 17-cv-108 (GPC) (MDD), 2018 WL 3861893 (S.D. Cal. Aug. 14, 2018) ................................................................................................................ 11

*C.D. Anderson & Co. v. Lemos*,
   832 F.2d 1097 (9th Cir. 1987) ............................................................................ 7-8

*Camacho v. United States*,
   No. 12-cv-956 (CAB) (BGS), 2014 WL 12026059 (S.D. Cal. Aug. 15, 2014) ......................................................................................................... 6, 7, 9

*Client Sols. Architects, LLC v. United States*,
   No. 19-cv-123 (MMA) (MSB), 2020 WL 364209 (S.D. Cal. Jan. 22, 2020) ............................................................................................................. 5, 6

*Clinton v. Jones*,
   520 U.S. 681 (1997) ................................................................................................ 5

*CollegeSource Inc. v. AcademyOne Inc.*,
   No. 08-cv-1987 (GPC) (MDD), 2014 WL 223082 (S.D. Cal. Jan. 21, 2014) ......................................................................................................... 8, 9–10

*Enel Co. LLC v. Schaefer*,
   No. 12-cv-1369 (IEG) (WMC), 2013 WL 12100708 (S.D. Cal. Sept. 12, 2013) ............................................................................................................ 6

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
   192 F.R.D. 284 (S.D. Cal. 2000) ........................................................... 6, 7, 9, 11–12

*LG Corp. v. Huang Xiaowen*,
   No. 16-cv-1162 (JLS) (NLS), 2017 WL 2868416 (S.D. Cal. Feb. 23, 2017) ................................................................................................................. 7

*Little v. City of Seattle*,
   863 F.2d 681 (9th Cir. 1988) .................................................................................. 5

*Media Rights Techs. v. Microsoft Corp.*,
   922 F.3d 1014 (9th Cir. 2019) ................................................................................ 8

*Orchid Biosciences, Inc. v. St. Louis Univ.*,
   198 F.R.D. 670 (S.D. Cal. 2001) ..................................................................... 5, 6–7

*Taylor v. Sturgell*,
   553 U.S. 880 (2008) ................................................................................................ 8

*Testone v. Barlean's Organic Oils, LLC*,
    No. 19-cv-169 (JLS) (BGS), 2020 WL 2838689 (S.D. Cal. May 29,
    2020) .................................................................................................................. 11

<u>Rules and Regulations</u>

Federal Rules of Civil Procedure
    Section 45(d)(1) ................................................................................................. 10

Case No. 3:19-cv-1865-GPC-DEB
MPA ISO Defendants' Motion to Stay Discovery

## PRELIMINARY STATEMENT

Defendants request a partial stay of party and non-party discovery with respect to those claims in Plaintiffs' First Amended Complaint ("FAC") (Dkt. 93) subject to Defendants' pending December 3, 2020 Motion for Partial Summary Judgment, returnable March 5, 2021 ("Partial Summary Judgment Motion") (Dkt. 144). The Court should grant this partial stay because the Partial Summary Judgment Motion is potentially dispositive of all such claims and can be decided absent any additional discovery. Indeed, (1) the Partial Summary Judgment Motion is premised entirely on undisputed facts and can therefore be decided solely as a matter of law, (2) the burden of such discovery on Defendants and non-party Genentech Inc. ("Genentech"), whom Plaintiffs have served with a subpoena (the "Genentech Subpoena"), is significant, and (3) the brief partial stay requested will not unfairly prejudice Plaintiffs.

At issue here are approximately two dozen requests for production ("RFPs")[1] and one interrogatory[2] served on Defendants (*see* Plaintiffs' RFPs Nos. 23–26, 29, 34–37, 46–50, 59–62, 74–76, 78–79 and Plaintiffs' Interrogatory No. 6, attached as **Exhibit A** to the January 8, 2021, Declaration of Callie A. Bjurstrom ("Bjurstrom Decl.")), and twenty-six RFPs served on non-party Genentech (*see* Genentech Subpoena RFPs Nos. 1–26, attached as **Exhibit B** to the Bjurstrom Decl.). If

---

[1] Plaintiffs served one set of 76 RFPs on each of Defendants IQVIA Inc., IQVIA Ltd., and IQVIA AG (collectively, the "IQVIA RFPs"), and one set of 79 RFPs on each of Defendants Ghosheh and Sadana (collectively, the "Individual Defendant RFPs"). However, RFPs Nos. 1–76 in the IQVIA RFPs and the Individual Defendant RFPs are substantively identical, and RFPs Nos. 77–79 in each of the Individual Defendant RFPs are substantively identical. Therefore, references made to any single one of Plaintiffs' RFPs are also to the substantively identical request made in each of the IQVIA RFPs and/or Individual Defendant RFPs.

[2] Plaintiffs served one set of nine interrogatories on each of Defendants IQVIA Ltd. and IQVIA AG, however these two sets of interrogatories were substantively identical. Therefore, references made to any single one of Plaintiffs' Interrogatories are also to the substantively identical interrogatory made to each of Defendants IQVIA Ltd. and IQVIA AG.

1  Defendants prevail on their Partial Summary Judgment Motion, *none* of this discovery
2  will be relevant to the remaining claims of the FAC; all such discovery will be
3  unnecessary.

4       By contrast, Plaintiffs will not be unfairly prejudiced by the brief stay of
5  discovery requested. In the interim, other discovery will proceed in the ordinary
6  course. And, with party discovery already in progress on Plaintiffs' discovery
7  requests that do not relate to Plaintiffs' potentially precluded claims (or other
8  objections before the Court), the partial stay should have no meaningful effect on the
9  timely completion of fact discovery.

10      Accordingly, the Court should grant the partial stay and stay all discovery
11 related to the claims subject to Defendants' Partial Summary Judgment Motion:
12 (1) Plaintiffs' RFPs Nos. 23–26, 29, 34–37, 46–50, 59–62, 74–76, and 78–79;
13 (2) Plaintiffs' Interrogatory No. 6; and (3) the Genentech Subpoena.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. The Partial Summary Judgment Motion

16      On December 3, 2020, Defendants filed their Partial Summary Judgment
17 Motion. (*See* Dkt. 144.) As set forth therein, based on longstanding principles of
18 claim preclusion and issue preclusion, Plaintiffs should be barred from relitigating
19 here their "claims data theft" and "account-based damages" claims (the "Precluded
20 Claims")—[redacted]
21 [redacted]
22 [redacted]
23 Specifically, in that prior Arbitration, [redacted]
24 [redacted]
25 [redacted]
26 [redacted]
27 [redacted]
28 [redacted]

1 ███████████████████████████████████████████████
2 ████████████████████████
3    As detailed in the Partial Summary Judgment Motion, ████████████
4 ███████████████████████████████████████████████
5 ███████████████████████████████████████████████
6 ████████████████████ (*See* Dkt. 144-1 at 4–9.)  Plaintiffs had a full and fair
7 opportunity to develop and present their evidence of supposed ████████████
8 ████████████████████████ in the Arbitration—including the opportunity to
9 use discovery mechanisms available in arbitrations administered by the DIFC-LCIA—
10 ████████████████ (*See id.* at 1–2.)
11 ███████████████████████████████████████████████
12 ███████████████████████████████████████ (*Id.* at 2.)
13 ███████████████████████████████████████████████
14 ███████████████████████████████████████ (*Id.* at
15 5.) ████████████████████████████████████████████
16 ███████████████████████████████████████████████
17 ███████████████████████████████████████████████
18 █████████████████████████████ (*Id.* at 8.) ████████
19 ███████████████████████████████████████████████
20 ███████████████████████████████████████████████
21 ███████████████████████████████████████████████
22 ████████████████████████████████████████
23 ████████ (*Id.*)
24 ███████████████████████████████████████████████
25 ███████████████████████████████████████████████
26 ███████████████████████████████████████████████
27 ██████████████████████████████████████████
28 ███████████████████████████████████████ (*Id.* at

1  8–9.) █████████████████████████████
2  ████████████████████████████████████
3  ████████████████████████████████████
4  ████████████████████████████████████
5  ████ (*Id.* at 9.)
6      As explained in the Partial Summary Judgment Motion, given the foregoing,
7  Defendants are now entitled, under controlling Ninth Circuit precedents, to judgment
8  as a matter of law on these Precluded Claims. (*Id.* at 13–25.) It is well-established
9  that the doctrines of claim preclusion and issue preclusion bar Plaintiffs from
10 contesting here matters that they have had a full and fair opportunity to litigate (and
11 did, in fact, litigate) in the Arbitration. The Partial Summary Judgment Motion, if
12 granted, will thus be dispositive of the Precluded Claims—the only issues at which the
13 partial discovery stay requested here is aimed.
14    **B. Plaintiffs' Discovery Requests at which the Partial Stay is Aimed**
15     Plaintiffs have served substantial party and non-party discovery related solely to
16 the Precluded Claims—*i.e.*, discovery requests concerning issues that will be entirely
17 precluded in the event the Court grants the Partial Summary Judgment Motion. For
18 example, ████████████████████████████
19 ████████████████████████████████████
20 ████████████████████████████████████
21 ████████████████████████████████████
22 ████████████████████████████████████
23 ███████████████████████ (*See* Dkt. 144-1 at 8–9.)
24 ████████████████████████████████████
25 ████████████████████████████████████
26 ████████████████████████ (*See id.* at 5.)
27     Plaintiffs seek similar discovery concerning the Precluded Claims from non-
28 party Genentech. Plaintiffs' requests for production in the Genentech Subpoena

██████████████████████████████████████████████.  The Genentech Subpoena is, in fact, premised entirely on Plaintiffs' claim in the FAC that Genentech is the recipient of data stolen from Plaintiffs and provided to Defendants by Dimensions. (*See* Dkt. 93 ¶¶ 3, 17–18, 48 ("[T]he IQVIA Defendants have collectively made annually billions of dollars selling healthcare data to life sciences companies around the world including, to . . . Genentech . . . gaining access to a joint venture with a San Diego-based PBM company with immediate access to unprecedented, voluminous pharmaceutical data processed in San Diego and could sell that data back to [such] California-based companies."); Plaintiffs' Responses and Objections ("R&Os") to Defendant IQVIA Inc.'s First Set of Interrogatories Nos. 4–8, 11, 13–15 ("IQVIA Defendants have been involved in the sale of pharmaceutical data processed through MedImpact's PBM platform, to life science companies in the United States like Genentech."), attached as **Exhibit C** to the Bjurstrom Decl.)  The partial stay should thus apply with equal force to the claims data theft discovery Plaintiffs seek via the Genentech Subpoena, particularly when the FAC identifies no other Genentech connection to this litigation.

## ARGUMENT

### I. THE PARTIAL SUMMARY JUDGMENT MOTION WILL BE DISPOSITIVE ON THE ISSUES AT WHICH THE PARTIAL STAY IS AIMED AND CAN BE DECIDED ABSENT ADDITIONAL DISCOVERY.

This Court has "broad discretion to stay discovery in a case while a dispositive motion is pending," *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001), which is derived from its "'power to control its own docket'," *Client Sols. Architects, LLC v. United States*, No. 19-cv-123 (MMA) (MSB), 2020 WL 364209, at *1 (S.D. Cal. Jan. 22, 2020) (quoting *Clinton v. Jones*, 520 U.S. 681, 683 (1997)).  *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery.").

In the exercise of that broad discretion, courts in this district often stay discovery when, as here, the outcome of a pending motion (1) would be "potentially dispositive" on the issue at which discovery is aimed, and (2) can be decided absent additional discovery. *See, e.g.*, *Client Sols. Architects*, 2020 WL 364209, at *1; *Camacho v. United States*, No. 12-cv-956 (CAB) (BGS), 2014 WL 12026059, at *3–5 (S.D. Cal. Aug. 15, 2014); *Enel Co. LLC v. Schaefer*, No. 12-cv-1369 (IEG) (WMC), 2013 WL 12100708, at *1 (S.D. Cal. Sept. 12, 2013); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 285–89 (S.D. Cal. 2000).

### A. The Partial Summary Judgment Motion is Potentially Dispositive of the Issues at which the Partial Stay is Aimed.

The Partial Summary Judgment Motion here, if granted, will be dispositive of the Precluded Claims—the only issues at which the partial discovery stay requested here is aimed. Therefore, the pending motion is easily seen as potentially dispositive of the discovery subject to this motion to stay. *See Enel Co.*, 2013 WL 12100708, at *1 (finding pending motion "potentially dispositive" where, if granted, it would "bar" certain claims that are subject to discovery); *Client Sols. Architects*, 2020 WL 364209, at *1 (finding pending motion "potentially dispositive" where "the District Judge's ruling on the pending Motion for Summary Judgement may dispose of" claims). IQVIA therefore satisfies this first prong of the two-part test.

In addressing this first prong, Courts may, but need not, evaluate *the merits* of a pending dispositive motion. *Compare Client Sols. Architects*, 2020 WL 364209, at *1 (granting unopposed motion to stay discovery, without addressing merits, where the court's ruling on the pending motion for summary judgment "may dispose of" claims), *and Enel Co.*, 2013 WL 12100708, at *1 (granting defendant's motion to stay discovery, without addressing merits, where the pending summary judgment motion, if granted, would bar plaintiffs' claims, and plaintiffs did not dispute that the pending motion was dispositive), *and Orchid Biosciences*, 198 F.R.D. at 672–75 ("When a defendant raises jurisdictional objections [in a pending dispositive motion], the court

may stay discovery proceedings generally and limit discovery to matters relevant to the court's jurisdiction."), *with LG Corp. v. Huang Xiaowen*, No. 16-cv-1162 (JLS) (NLS), 2017 WL 2868416, at *1 (S.D. Cal. Feb. 23, 2017) (granting joint motion to stay discovery after a "preliminary peek" at the pending motion; finding it sufficient that the pending dispositive motion "raises challenges to personal jurisdiction"), *and GTE Wireless*, 192 F.R.D. at 287 n.3 (noting that "[t]he Ninth Circuit has offered no specific guidance on the standard to be employed on a motion to stay discovery pending the outcome of a summary judgment motion other than that a court may, at its discretion, stay discovery pending the adjudication of that motion"; "tak[ing] a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear *possibility* that it will be granted" (emphasis in original)).

Some courts in this district have looked to whether there is an "immediate and clear possibility" the pending motion will be granted. *See, e.g.*, *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366 (BAS) (KSC), 2018 WL 679483, at *2 (S.D. Cal. Jan. 31, 2018). Still others have more precisely "defined 'clear possibility' to mean 'that Defendants' motion is nearly below but does not necessarily exceed a 'fifty percent chance' of success.'" *Camacho*, 2014 WL 12026059, at *3 (internal citations omitted). *See also GTE Wireless*, 192 F.R.D. at 285–89 (staying discovery where "Defendant's [summary adjudication] motion is nearly below but does not necessarily exceed a 'fifty percent chance' of success").[3]

If this Court is so inclined to evaluate the merits of the pending Partial Summary Judgment Motion, that motion—premised as it is on longstanding principles of claim preclusion and issue preclusion applicable to prior arbitral awards, *see C.D.*

---

[3] Even courts in this district that do ultimately take "a preliminary peek" at the merits of the pending dispositive motion have recognized that "Courts may also employ different methods and evaluate factors to determine whether a stay is appropriate." *See LG Corp.*, 2017 WL 2868416, at *1.

*Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987)—easily meets any such merits-based scrutiny.  Simply put, the Partial Summary Judgment Motion is a sound dispositive motion that, if granted, will dispose of the Precluded Claims.  There is no genuine issue of material fact as to whether Plaintiffs previously prosecuted the Precluded Claims in the Arbitration—they did.  (*See* Dkt. 144-1 at 13–25.)  And, it is well-established that the doctrines of claim and issue preclusion bar Plaintiffs from contesting here matters that they have had a full and fair opportunity to litigate (and did, in fact, litigate) in the Arbitration.  *See Media Rights Techs. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019) ("The related doctrines of claim and issue preclusion, by 'preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate,' 'protect against 'the expense and vexation attending multiple lawsuits, conserve[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'"" (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)) (alterations in original)); *C.D. Anderson*, 832 F.2d at 1100 (prior arbitral award had preclusive effect and affirming grant of summary judgment on the basis of that award).

Thus, the merits of the Partial Summary Judgment Motion here do create an "immediate and clear possibility" that the Partial Summary Judgment Motion will be dispositive of the issues at which the partial stay is aimed.  Notably, Judge Curiel has previously granted a discovery stay pending the disposition of a summary judgment motion based on preclusion doctrines—the very same bases on which the Partial Summary Judgment Motion here is based.  *See CollegeSource Inc. v. AcademyOne Inc.*, No. 08-cv-1987 (GPC) (MDD), 2014 WL 223082, at *4 (S.D. Cal. Jan. 21, 2014) (denying request to lift discovery stay while an appeal of a decision granting motion for summary judgment was pending in related case because "claim and issue preclusion may preclude the claims in this case").

**B. The Partial Summary Judgment Motion can be Decided Absent Additional Discovery.**

Defendants likewise satisfy the second factor for a motion to stay because the Partial Summary Judgment Motion can be decided absent any additional discovery. *Camacho*, 2014 WL 12026059, at *3. The Partial Summary Judgment Motion presents a legal question for the Court: whether claim preclusion and issue preclusion bar Plaintiffs from re-litigating here claims adjudicated in the Arbitration. As discussed, *supra*, the record in the Arbitration is robust, and Plaintiffs, ▇▇▇▇▇▇▇▇▇▇▇▇ certainly have access to the full Arbitration record. Plaintiffs do not require any additional discovery to oppose the Partial Summary Judgment Motion—nor have Plaintiffs indicated any intention to request such discovery.

**II. THE BURDEN ON DEFENDANTS AND GENENTECH OF PROCEEDING WITH DISCOVERY ON THE PRECLUDED CLAIMS IS SIGNIFICANT.**

Courts in this district have routinely found it burdensome and wasteful to conduct discovery aimed at issues that will be precluded by the grant of a pending dispositive motion. *See, e.g.*, *Camacho*, 2014 WL 12026059, at *5 (staying discovery where, "it would surely be an inefficient use of time and resources for the Government to gather and produce information for an eight-year time span only to have the claim dismissed by the district court"); *GTE Wireless*, 192 F.R.D. at 289 (staying discovery because Defendants would be "significantly burdened" by being "forced to turn over highly sensitive and proprietary information to Plaintiff" and "to sort through a vast amount of information," when such efforts "will have been wasted" if Defendants' summary judgment motion were granted). *See also CollegeSource*, 2014 WL 223082, at *4 (denying request to lift discovery stay while an appeal of a decision granting motion for summary judgment was pending in related case, reasoning that, "Defendant will be burdened if the stay is lifted" because "Defendant would be

Case No. 3:19-cv-1865-GPC-DEB
MPA ISO Defendants' Motion to Stay

1  subject to unnecessary cost and expense of litigating a case that could be legally
2  barred").

3     That is precisely the situation presented here.  Indeed, there is no doubt that, if
4  granted, the Partial Summary Judgment Motion will have a profound impact on the
5  scope of discovery in this case going forward.

6     In their first set of discovery requests, Plaintiffs served upon Defendants 79
7  RFPs and nine interrogatories.  Of these 88 total discovery requests, 24 are aimed, at
8  least in significant part, at issues that will be entirely precluded in the event the Court
9  grants the Partial Summary Judgment Motion.  (*See* Bjurstrom Decl. Ex. A, Plaintiffs'
10  RFPs Nos. 23–26, 29, 34–37, 46–50, 59–62, 74–76, 78–79 and Plaintiffs'
11  Interrogatory No. 6.)[4]  Forcing Defendants to respond to these requests now will
12  impose a significant burden on Defendants—a burden that will be entirely wasted in
13  the event the Court grants the Partial Summary Judgment Motion, mooting these
14  discovery requests.

15     These same concerns apply with even greater force to non-party Genentech.  In
16  the Genentech Subpoena, Plaintiffs propounded 26 RFPs—*all* of which are premised
17  entirely on one of the Precluded Claims.  (*See* Bjurstrom Decl. Ex. B, Genentech
18  Subpoena RFP Nos. 1–26 ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅
19  ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅
20  ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅
21  ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅  If the Court grants the Partial Summary Judgment
22  Motion, Plaintiffs' Genentech Subpoena would, in fact, be wholly irrelevant.  *See* Fed.

---

[4] *See e.g.*, Bjurstrom Decl. Ex. A, Plaintiffs' RFPs No. 46 (demanding "All documents and communications related to pitches or marketing of any Healthcare Claims Services by any Defendant to any customer or potential customer. This request includes, but is not limited to, pitches or marketing to any of the Targeted Customers.") and No. 76 (demanding "All documents and communications related to any agreement(s) or draft agreement(s) between You and any customer, including any of the Targeted Customers, related to Healthcare Claims Services.").

R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). *See also Apple Inc. v. Qualcomm Inc.*, No. 17-cv-108 (GPC) (MDD), 2018 WL 3861893, at *3 (S.D. Cal. Aug. 14, 2018) ("The Ninth Circuit has repeatedly recognized the duty of the courts to provide extra protection for nonparties who are subject to discovery requests." (internal citations and quotations omitted)).

Accordingly, it should come as no surprise that, in their correspondence with Plaintiffs' counsel, Genentech's counsel has already raised the Partial Summary Judgment Motion as a threshold issue concerning the scope of Plaintiffs' discovery requests, and the overall propriety of the Genentech Subpoena. (*See* Genentech Counsel Letter to Jones Day dated Dec. 22, 2020, attached as **Exhibit D** to the Bjurstrom Decl. ("We further object to the Subpoena insofar as it seeks information that is only relevant to MedImpact's claims that are the subject of IQVIA's pending motion for partial summary judgment. It would be unduly burdensome to require a third party to respond to discovery requests that not only are duplicative of party discovery, but that also may be entirely mooted within months by a pending dispositive motion." (internal citations omitted)).)

### III. THE PARTIAL STAY WILL NOT UNFAIRLY PREJUDICE PLAINTIFFS.

The partial stay will not unfairly prejudice Plaintiffs because it likely will be quite brief and does not impair the parties' ability to proceed with discovery on issues unrelated to the Partial Summary Judgment Motion. *See Testone v. Barlean's Organic Oils, LLC*, No. 19-cv-169 (JLS) (BGS), 2020 WL 2838689, at *2 (S.D. Cal. May 29, 2020) (granting motion to stay discovery because "the court is not aware of any prejudice that would result to Plaintiffs from granting Defendant's requested stay, which is not likely to last longer than a couple months" (internal quotations and citations omitted)); *GTE Wireless*, 192 F.R.D. at 289 (granting motion to stay

discovery relating to the quantification of damages pending the ruling on Defendant's motion for summary judgment because, "the Court finds that there are more than enough issues outside of damages such as liability and claim construction that can be pursued during a stay of discovery").

The hearing on the Partial Summary Judgment Motion is already scheduled for March 5, 2020—*i.e.*, less than two months after the completion of briefing on this motion for a partial stay. Based on the speed at which the Court previously has ruled upon other dispositive motions in this case,[5] Defendants anticipate a ruling on the Partial Summary Judgment Motion shortly after that March 5, 2021 hearing.

There is thus every reason to believe the partial stay will be of very limited duration, still leaving Plaintiffs more than ample time to conduct fact discovery concerning the Precluded Claims in the event the Court denies the Partial Summary Judgment Motion. (*See* Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings, Dkt. 139 ("All fact discovery shall be completed by all parties by August 6, 2021.").)

As noted above, the parties have otherwise been diligently working on the discovery unrelated to Defendants' request for a partial stay. For example, Defendants have agreed to produce documents in response to over three dozen requests from Plaintiffs' first set of RFPs, where the discovery requested is unaffected, or only partially affected, by the outcome of the Partial Summary Judgment Motion. (*See* Defendants' R&Os to Plaintiffs' RFPs Nos. 22, 29–30, 32, 35, 38–39, 43–68, 74,

---

[5] In both instances when the parties have presented dispositive motions to Judge Curiel, the Court issued rulings within a week of the scheduled hearing date. (*Compare* Dkt. 90 (Telephonic Motion Hearing Held on 3/20/2020 on Defendants' Motions to Dismiss Plaintiffs' Complaint), *with* Dkt. 91 (Order dated 3/24/2020 resolving Defendants' Motions to Dismiss Plaintiffs' Complaint), *and compare* Dkt. 129 (Minute Order vacating Motion Hearing originally set for 8/27/2020 on Defendants' Motions to Dismiss Plaintiffs' FAC), *with* Dkt. 130 (Order dated 8/27/2020 resolving Defendants' Motions to Dismiss Plaintiffs' FAC).)

and 76, attached as **Exhibit E** to the Bjurstrom Decl.)  The parties have also already met and conferred on appropriate search terms, custodians, and date ranges for their first round of email productions, and Defendants have already begun their rolling document production and made their first production on December 4, 2020.[6]

## CONCLUSION

Based on the foregoing, Defendants request that the Court grant their motion for a partial stay of discovery pending resolution of Defendants' Motion for Partial Summary Judgment.[7]

Respectfully submitted,

Dated: January 8, 2021

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: /s/ Callie A. Bjurstrom
KENNETH W. TABER
CALLIE A. BJURSTROM
ARI M. BERMAN

Attorneys for  Defendants IQVIA INC., IQVIA LTD., IQVIA AG, OMAR GHOSHEH and AMIT SADANA

[ADDITIONAL COUNSEL]

Stephen A. Swedlow (admitted pro hac vice)
stephenswedlow@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: 312.705.7400
Facsimile: 312.705.7401

---

[6] As of the date of this filing, Plaintiffs have not yet made any document production to Defendants.

[7] Alternatively, to the extent that the Court prefers a stay of fixed duration, Defendants propose that the requested partial stay be entered for the earlier of (1) two months from the grant of this motion, or (2) resolution of Defendants' Partial Summary Judgment Motion.  To the extent that two months then pass, with Defendants' Motion for Partial Summary Judgment still not resolved, Defendants propose that the parties and the Court could then revisit the stay at that time.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 8, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

　　　　　　　　　　　　　　　　　／s/ *Callie A. Bjurstrom*
　　　　　　　　　　　　　　　　　Callie A. Bjurstrom