UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>IQVIA INC., et al.,<br><br>Defendants. | Case No.:  19-cv-1865-GPC (DEB)<br><br>**ORDER:**<br><br>    **(1) DENYING DEFENDANTS' MOTION TO PARTIALLY STAY DISCOVERY;**<br>    **(2) GRANTING DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL; AND**<br>    **(3) GRANTING DEFENDANTS' EX PARTE MOTION TO SUPPLEMENT THE RECORD**<br><br>**[DKT. NOS. 160, 162, 180]** |

## I.    INTRODUCTION

Before the Court is Defendants' Motion to Partially Stay Discovery Pending Resolution of Defendants' Motion for Partial Summary Judgment. Dkt. No. 162. At issue are Plaintiffs' request for production of documents ("RFP") Nos. 23–26, 29, 34–37, 46–50, 59–62, 74–76, 78–79, interrogatory No. 6, and subpoenas duces tecum served on third-

1

parties.[1] Defendants contend the discovery at issue "will be unnecessary" and will "impose a significant burden . . . that will be entirely wasted" if their pending Partial Motion for Summary Judgment ("MSJ") is granted. Dkt. No. 162-1 at 6, 14. Plaintiffs oppose the Motion to Stay, asserting that Defendants' MSJ lacks merit and that the discovery propounded bears on issues not implicated by the MSJ.

For the foregoing reasons, the Court DENIES Defendants' Motion.

## II.   BACKGROUND

This is a suit for misappropriation of trade secrets. In their Amended Complaint, Plaintiffs allege Defendants obtained and used data from Plaintiffs' pharmacy benefits management platform. Dkt. No. 93. On or about November 3, 2020, Plaintiffs served one set of nearly identical RFPs on each Defendant and one set of identical interrogatories on Defendants IQVIA Ltd. and IQVIA AG. Dkt. No. 162-1 at 5; 162-2 at 25. On December 3, 2020, Defendants filed the MSJ seeking to dismiss Plaintiffs' "data theft" and "account-based damage" claims as barred by res judicata. Dkt. No. 144. The MSJ is pending before District Judge Gonzalo P. Curiel.

## III.   LEGAL STANDARD

A "district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Courts have applied a two-prong test to evaluate requests to stay discovery pending a potentially dispositive motion. "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending,

---

[1]   On February 17, 2021, Defendants filed an *Ex Parte* Motion to Notify the Court of Nineteen (19) Additional Non-Party Subpoenas Impacted by Defendants' Motion to Partially Stay Discovery Pending Resolution of Defendants' Motion for Partial Summary Judgment and Request to Supplement the Record. Dkt. No. 180. The Court GRANTS Defendants' *Ex Parte* Motion and takes into account Defendants' assertion that Plaintiffs served additional third-party subpoenas after January 8, 2021.

potentially dispositive motion can be decided absent additional discovery." *Camacho v. United States*, No. 12-cv-956-CAB (BGS), 2014 WL 12026059, at * 3 (S.D. Cal. Aug. 15, 2014) (quoting *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 10-cv-02630-JAM-KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011)). "Discovery should proceed if either prong of the test is not met." *Mlejnecky*, 2011 WL 489743, at *6.

## IV.   DISCUSSION

Although much of the parties' briefing focuses on the merits of Defendants' MSJ, the undersigned declines to make a "sneak peek" merits assessment. *See Ciuffitelli v. Deloitte & Touche LLP*, No. 16-cv-580-AC, 2016 WL 6963039, at * 6 (D. Or. Nov. 28, 2016) (declining "to follow the 'preliminary peek' approach" in deciding "whether to stay discovery while a potentially dispositive motion is pending"); *Enel Co. LLC v. Schaefer*, No. 12-cv-1369-IEG (WMC), 2013 WL 12100708, at *1 (S.D. Cal. Sept. 12, 2013) (granting motion to stay discovery pending summary judgment motion without addressing merits); *but see GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000) (Courts should "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.") (emphasis omitted). Defendants' MSJ is noticed for a hearing before District Judge Curiel on March 5, 2021, and he will decide it in due course.

A "sneak peek" assessment is also unnecessary because the Court finds independent bases for denying a stay. At issue in this Motion to Stay are 23 RFPs, 1 interrogatory, and 19 subpoenas duces tecum served on third-parties. Dkt. Nos. 162-1 at 5; 180. Although the Court is not conclusively deciding the issue, much of the discovery that Defendants seek to stay appears relevant to issues and claims not implicated by Defendants' MSJ. Therefore, the Court finds Defendants have not satisfied the first prong of the two-prong test.

The volume of the discovery the parties need to complete by the upcoming discovery cut-off date also counsels against a stay. According to the parties' briefs, Plaintiffs served 79 RFPs and 9 interrogatories on Defendants, served 19 third-party subpoenas duces tecum, designated 26 witnesses in their initial disclosures, and intend to conduct additional

discovery in foreign nations. Defendants served at least 15 interrogatories on Plaintiffs and designated 27 witnesses in their Initial Disclosures. Under the Court's Scheduling Order, the parties have less than six months (i.e., until August 6, 2021) to complete fact discovery. Dkt. No. 139. Thus, the volume and complexity of discovery that the parties must complete by early August counsels against staying discovery.

## V.   MOTION TO SEAL

Defendants request the Court seal: (1) Defendants' Memorandum of Points and Authorities in Support of their Motion to Partially Stay Discovery Pending Resolution of Defendants' Motion for Partial Summary Judgment; and (2) Exhibits A, C, and E attached to the Declaration of Callie A. Bjurstrom. Dkt. No. 160. Defendants assert that these documents contain sensitive business information regarding the operations and business contacts of Plaintiffs, Dimensions, and third-parties in the Middle East and information from a confidential arbitration proceeding. Dkt. No. 160-1 at 2–3.

Good cause appearing, the Court GRANTS the Motion to Seal and orders the documents listed above be filed under seal. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] particularized showing . . . under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.") (internal citations, quotations, and edits omitted).

## VI.   CONCLUSION

For the reasons discussed above, the Court orders as follows:

1.     Defendants' Motion to Partially Stay Discovery Pending Resolution of Defendants' Motion for Partial Summary Judgment, Dkt. No. 162, is **DENIED**;

/ /

/ /

/ /

/ /

/ /

1       2.      Defendants' *Ex Parte* Motion to Notify the Court of Nineteen (19) Additional

2   Non-Party Subpoenas Impacted by Defendants' Motion to Partially Stay Discovery

3   Pending Resolution of Defendants' Motion for Partial Summary Judgement and Request

4   to Supplement the Record, Dkt. No. 180, is **GRANTED**; and

5       3.      The documents lodged at Dkt. No. 161 **SHALL BE FILED UNDER SEAL**.

6   **IT IS SO ORDERED**.

7   Dated:  February 19, 2021

8

9                             Honorable Daniel E. Butcher
                              United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19-cv-1865-GPC (DEB)