UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., et al.,<br><br>                                        Plaintiffs,<br><br>v.<br><br>IQVIA INC., et al.,<br><br>                                        Defendants. | Case No.:  19-cv-1865-GPC (DEB)<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE; AND GRANTING DEFENDANTS' MOTION TO FILE UNDER SEAL**<br><br>**[DKT. NOS. 165, 166]** |

## I.     INTRODUCTION

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. Dkt. No. 165. At issue are Plaintiffs' request for production of documents ("RFP") Nos. 1–21, 23–25, 31, 40–42, 69–73. Plaintiffs request further responses from Defendants to these RFPs, claiming they "seek evidence that is directly relevant to Plaintiffs' claims and goes to the heart of the case." Dkt. No. 165 at 5. Defendants argue the RFPs implicate thousands of products that are "not relevant to Plaintiffs' . . . trade secret claims." Dkt. No. 165 at 11. For the reasons set forth below, the Court DENIES Plaintiffs' request to compel further responses.

/ /

/ /

## II. LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery . . . ." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Even after the 2015 amendments to Rule 26, "discovery relevance remains a broad concept." *Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, No.14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016); *see also Odyssey Wireless, Inc. v. Samsung Elecs. Co., Ltd*, No. 15-cv-01735-H (RBB), 2016 WL 7665898, at *7 (S.D. Cal. Sept. 20, 2016) ("Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that may be in the case.") (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–51 (1978)).

The Court need not rewrite discovery requests that seek irrelevant information, are overbroad, or are otherwise improper. *Gopher Media, LLC v. Spain*, No. 19-cv-2280-CAB (KSC), 2020 WL 6741675, at *5 (S.D. Cal. Nov. 17, 2020) ("[I]t is not up to the Court to rewrite the discovery to obtain the optimum result for the party. That is counsel's job.") (quotation marks omitted).

## III. DISCUSSION

Central to this dispute are Plaintiffs' defined terms "Healthcare Claims Services" and "Accused IQVIA Product," which are contained in each RFP at issue and defined as follows:

> The term "Healthcare Claims Services" means services that facilitate healthcare benefits, in whole or in part, including coordination between the payer and plan sponsor (and its member), and the payer and healthcare provider (for example, physician, hospital, pharmacist, pharmacy, etc.). Healthcare Claims Services facilitate the determination, on a claim-by-claim basis, of whether a payer will pay for a healthcare provider to provide a product or service. Healthcare Claim services include, but are not limited to, Pharmaceutical Claims Services.

> The term "Accused IQVIA Product" means all current and former versions of the following products: RX Claim (Ghana); Saudi Heathen Insurance Bus (Saudi Arabia); Uniplat (Saudi Arabia); Saudi e-Health Record Platform; Mandatory Health Insurance System, also know as "Dhamani" (Oman); and any other Healthcare Claims Services that are marketed, offered, developed, sold, or used by any Defendant. Defendants should make a good faith effort to identify these products regardless of differences in spelling, language, translation, formal name, or any other differences in form, version, or permutation.

Dkt. No. 165-3 at 6.

Plaintiffs assert that the defined terms "seek information critical to Plaintiffs' misappropriation claims," and their requests are limited to "three specifically-alleged products, as well as any other of Defendants' products that contain or are based on Plaintiffs' trade secrets." Dkt. No. 165 at 6. In response, Defendants claim the requests encompass thousands of products entirely unrelated to those implicated by Plaintiffs' Amended Complaint. Dkt. No. 165 at 10–11.

The Court agrees that, in light of the defined terms, the RFPs in dispute seek information about products not at issue in this litigation. In their Amended Complaint and in the Joint Motion, Plaintiffs confirm that this case is about "misappropriated [pharmacy benefits management ("PBM")] products offered by IQVIA in Ghana, Saudi Arabia, and Oman." Dkt. Nos. 165 at 5; 93 at 62. Plaintiffs' RFPs, however, are not limited to PBM products. Because Plaintiffs' RFPs would require Defendants to produce documents on products not at issue in this case, the Court declines to compel Defendants to provide further responses. *See Anokiwave, Inc. v. Rebeiz*, No. 18-cv0629-JLS (MDD), 2019 WL 3935817, at *2 (S.D. Cal. Aug. 20, 2019) (denying motion to compel because there was no showing that the information sought was "relevant to the claims and trade secrets as alleged by Plaintiff").

### IV. MOTION TO SEAL

Defendants request the Court seal the Joint Motion and Exhibits A and D attached to the Declaration of Kenneth Taber because they "describe the Partial Final Award on

liability and the Final Award on damages" issued in a prior confidential arbitration summary. Dkt. No. 166 at 4. Good cause appearing, the Court GRANTS the Motion to Seal and orders the documents listed above be filed under seal. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] particularized showing . . . under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.") (internal citations, quotations, and edits omitted).

## V.  CONCLUSION

Based on the foregoing, Plaintiffs' request to compel further responses is **DENIED**. The documents lodged at Dkt. No. 167 **SHALL BE FILED UNDER SEAL**.

**IT IS SO ORDERED**.

Dated:  February 24, 2021

Honorable Daniel E. Butcher
United States Magistrate Judge