UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., a California corporation, MEDIMPACT INTERNATINAL LLC, a California limited liability company, MEDIMPACT INTERNATIONAL HONG KONG LTD., a Hong Kong company,<br><br>                                  Plaintiff,<br>v.<br>IQVIA INC., a Connecticut corporation; IQIA Ltd., a UK company; IQVIA AG, a Swiss company, OMAR GHOSHEH, individually, and AMIT SADANA, individually,<br><br>                                  Defendant. | Case No.: 19cv1865-GPC(LL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>**[Dkt. No. 198.]** |

Before the Court is Defendants' motion for reconsideration of the Court's order, (Dkt. No. 195), denying their motion for partial summary judgment on certain allegations under claim and issue preclusion. (Dkt. No. 198.) Plaintiff filed an opposition on April 16, 2021. (Dkt. No. 209.) Defendants replied on April 30, 2021. (Dkt. No. 214.) Based

on the reasoning below, the Court GRANTS in part and DENIES in part Defendants' motion for reconsideration.

## Background[1]

On April 7, 2020, Plaintiffs Medimpact Healthcare Systems, Inc. ("MHSI"), Medimpact International LLC ("MIL"), and MedImpact International Hong Kong Ltd. ("MI-HK") (collectively "Plaintiffs" or "MedImpact") filed the operative first amended complaint ("FAC") against Defendants IQVIA Inc., IQVIA Ltd., IQVIA AG, Omar Ghosheh ("Dr. Ghosheh") and Amit Sadana ("Mr. Sadana") (collectively "Defendants"). (Dkt. No. 93.)  The remaining claims in the FAC are the first cause of action for breach of fiduciary duty, seventh cause of action for conspiracy as to Dr. Ghosheh and Mr. Sadana, eighth cause of action for misappropriation of trade secret under Defend Trade Secrets Act ("DTSA"), the ninth cause of action for misappropriation of trade secrets under California Uniform Trade Secrets Act ("CUTSA") and tenth cause of action for Racketeer Influenced and Corrupt Organizations Act ("RICO") violations.  (Dkt. No. 130.)

Prior to the litigation in this case, on January 23, 2018, Plaintiffs MIL and MI-HK filed claims in arbitration against non-party Dimensions Healthcare LLC ("Dimensions") with the Dubai International Financial Centre-London Court of International Arbitration ("DIFC-LCIA") pursuant to the terms of the parties' Joint Venture Agreement ("JVA") and Services and License Contract ("SLC").  (Dkt. No. 170-5, Bennett Decl. Ex. A.)  On April 16, 2019, the Arbitrator made a number of legal and factual findings in an order entitled Partial Final Award on Liability.  (*Id.* at 2-78.[2])  On July 24, 2019, the Arbitrator issued another order on damages entitled Final Award.  (Dkt. No. 170-6, Bennett Decl., Ex. B.)

---

[1] The facts alleged in the FAC are provided in more detail in the Court's order filed on August 27, 2020. (Dkt. No. 130.)
[2] Page numbers are based on the CM/ECF pagination.

On September 26, 2019, Plaintiffs filed this action against Defendants, who were not named in the international arbitration, but are corporate affiliates of Dimensions that were allegedly engaged in conduct arising from the facts in the underlying Arbitration.

Defendants, who were not parties in the underlying arbitration, moved for partial summary judgment asking the Court to dismiss certain claims or allegations that were ruled upon in their favor by the Arbitrator based on the doctrines of claim and issue preclusion. (Dkt. No. 144.) On March 2, 2021, the Court denied Defendants' motion for partial summary judgment on issue and claim preclusions because they failed to provide relevant legal and factual support to demonstrate privity between Dimensions and IQVIA AG, IQVIA Inc. and IQVIA Ltd., and between Dimensions and Defendants Dr. Ghosheh and Mr. Sadana. (Dkt. No. 195 at 7-12.)

In their motion for reconsideration, Defendants now present additional evidence to support their argument that there is privity between Dimension and Defendants. Defendants do not dispute that this evidence was available prior to filing their motion for partial summary judgment but claim they can bring a reconsideration motion because they present "different facts and circumstances" that "were not shown" in the prior motion under Civil Local Rule 7.1(i). Plaintiffs, relying on Federal Rules of Civil Procedure ("Rule") 59 and 60, argue that a motion for reconsideration may not be brought because Defendants' evidence is not "newly discovered."

## Discussion

### A.  Legal Standard on Motion for Reconsideration

The court has "inherent jurisdiction to modify, alter or revoke [a prior non-final order]." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). "The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." *Id.*  It is to be noted that Rule 60(b) and Rule 59(e)

do not apply to non-final appealable orders. *Id.* at 1048 n. 8 ("Rule 60(b), like Rule 59(e), applies only to motions attacking final, appealable orders").

Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must include:

> (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application.

Local Civ. R. 7.1(i)(1). The Local Rule allows facts not shown in a prior application to be considered in a motion for reconsideration. *Id.* Moreover, allowing reconsideration "furthers the policy favoring judicial economy." *See United States v. Jones,* 608 F.2d 386, 390 n. 2. (9th Cir. 1979).

In this case, because the order denying partial summary judgment order is a non-final interlocutory order, Rule 59(e) and Rule 60(b), which requires a showing of "newly discovered evidence" do not apply, and the Court may consider Defendants' evidence even though they are not "newly discovered." *See Martin*, 226 F3d at 1049.

**B.    Analysis**

As discussed in the Court's prior order, binding United States Supreme Court precedent on the issue of privity noted the "general rule that 'one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" *Taylor v. Sturgell,* 553 U.S. 880, 893 (2008). In *Taylor*, the Court enumerated six categories of exceptions to the general rule where (1) the nonparty agreed to be bound by the determinations in the prior case; (2) the nonparty has a "pre-existing 'substantive legal relationship[s]'" with the party bound by the judgment; (3) the nonparty was adequately represented in the first action by someone with the same interests (i.e. class actions and suits brought by trustees, guardians or other fiduciaries); (4) the nonparty "'assume[d] control' over the litigation in which that judgment was rendered"; (5) a party to the previous litigation was a

"designated representative" or proxy of the nonparty; and (6) the nonparty is barred by a special statutory scheme from relitigating an issue already adjudicated. *Id*. at 893-95.

In the reconsideration motion, Defendants argue the second *Taylor* exception applies to parent corporations and their closely held subsidiaries. (Dkt. No. 198-1 at 12.) Plaintiffs argue that the second *Taylor* exception does not apply because it applies to property relationships and not parent/subsidiary relationships and the evidence provided by Defendants is "objectionable" and without foundation. (Dkt. No. 209 at 12, 18.)

Although a corporation and its subsidiaries is not among the list of "substantive legal relationship[s]" noted by the Supreme Court, *Taylor,* 533 U.S. at 894 ("[q]ualifying relationships *include, but are not limited to*, preceding and succeeding owners of property, bailee and bailor, and assignee and assignor" citing 2 Restatement §§ 43-44, 52, 55) (emphasis added), the Court did not limit the "substantive legal relationship" exceptions to the ones they listed. *See id.*; *Ludwig v. Township of Van Buren*, 682 F.3d 457, 462 (6th Cir. 2012) ("While a corporate employer's relationship may not precisely fit within one of these [*Taylor*] categories, the categories are not constitutionally rigid.").

Post-*Taylor*, courts have applied the second exception to parent and wholly owned subsidiary defendants. *See Agha–Khan v. United States*, CASE NO. 1:1–CV–00042–AWI, 2015 WL 5734380, at *6 (E.D. Cal. Sept. 29, 2015) ("second and third [*Taylor*] category applies to parent and subsidiary defendants"), *aff'd*, 683 F. App'x 628 (9th Cir. 2017); *Zendel v. Circle Location Servs*., Inc., Case No.: CV 11-7963 SJO (CWx,), 2012 WL 12877182, at *4 (C.D. Cal. Apr. 5, 2012) ("The Court agrees that privity exists between a parent corporation and its wholly-owned subsidiary.") (citing *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev. Corp*., 933 F.2d 724, 728 (9th Cir. 1991); *see also Pickman v. Am. Express Co.,* No. 11-CV-05326, 2012 WL 258842, at *5 (N.D. Cal. Jan. 27, 2012)).

On reconsideration, Defendants have provided evidence to support a preexisting substantive legal relationship between Dimensions, and IQVIA AG and IQVIA Inc. Plaintiffs respond generally that Defendants' evidence lacks foundation but provide no

5

19cv1865-GPC(LL)

specific reasons.  IQVIA AG is the controlling beneficial owner of non-party Dimensions[3] and has the exclusive power to control the operations of Dimensions.  (Dkt. No. 198-2, Shanti Decl. ¶¶ 2, 12; Dkt. No. 217, Shanti Decl. ¶¶ 4-11, 13-17 (UNDER SEAL).)  In turn, IQVIA AG is a wholly owned subsidiary of IQVIA Inc.  (Dkt. No. 198-3, Ashman Decl. ¶ 12; Dkt. No. 217, Ashman Decl. ¶¶ 13-15 (UNDER SEAL).)  Therefore, Defendants have established a substantial legal relationship between Dimensions, a subsidiary, and Defendants IQVIA AG and IQVIA Inc., its parent corporations.

However, Defendants have not provided legal authority that IQVIA Ltd. has a substantive legal relationship with Dimensions.  While Plaintiffs do not dispute this claim, courts have "an independent duty to research and properly apply the law." *Baylon v. Wells Fargo Bank, N.A.*, 303 F. Supp. 3d 1160, 1165 (D.N.M. 2018); *Does v. Wasden*, 982 F.3d 784, 793 (9th Cir. 2020) ("[I]t is a longstanding principle that 'when an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.'").

As to IQVIA Ltd., Defendants simply argue that IQVIA AG and IQVIA Ltd. are closely held by their common parent, IQVIA Inc.  Yet, there is no evidence presented that directly link Dimensions and IQVIA Ltd. to establish a substantial legal relationship for purposes of privity between them.  In fact, the Court noted in the prior order that Defendants did not explain whether separate subsidiaries, in this case IQVIA AG and IQVIA Ltd., of one parent corporation, IQVIA Inc. can have a substantial legal relationship with each other so that IQVIA AG's control and ownership over Dimensions can be attributed to IQVIA Ltd.  (Dkt. No. 195 at 12.)  Accordingly, the Court concludes Defendants have not demonstrated privity between Dimensions and IQVIA Ltd.

---

[3] Dimensions is a limited liability company registered and incorporated in the Emirate of Abu Dhabi in the United Arab Emirates.  (Dkt. No. 198-2 Shanti Decl. ¶ 4.)

Finally, as the Defendants Mr. Sadana and Dr. Ghosheh, Defendants have not provided any legal authority to support a substantial legal relationship between them and Dimensions. Implicitly, Defendants appear to argue that because Dr. Ghosheh and Mr. Sadana controlled the affairs of Dimensions, privity must be established. However, they cite no legal authority to support privity between a Board member, officer, or employee and the corporation.[4]

Defendants assert that Mr. Sadana is Senior Vice President & General Manger at IQVIA AG overseeing Africa, the Middle East and South Asia. (Dkt. No. 198-2, Shanti Decl. ¶ 18.) He is also on the board of Dimensions and has control over its operations. (*Id.* ¶¶ 19-23.) Dimensions reports directly to Mr. Sadana and he attends weekly business development meeting and receives regular reports on commercial, financial, and administrative matters from the relevant Dimensions department heads. (*Id.* ¶ 19.) Dr. Ghosheh founded Dimensions, served as General Manager (or CEO) of Dimensions until his retirement in December 2019, and was on the board of Dimensions until his retirement and had control over the operations of Dimensions. (*Id.* ¶¶ 24-28.)

The Court notes that section 59 of the Restatement Second of Judgement entitled "Corporation and Its Officers, Director's, Stockholders, and Members" addresses substantive legal relationships in the corporate context. Restatement (Second) of Judgments § 59. The general rule is that "a judgment in an action to which a corporation is a party has no preclusive effects on a person who is an officer, director, stockholder, or member of a non-stock corporation, nor does a judgment in an action involving a party who is an officer, director, stockholder, or member of a non-stock corporation have preclusive effects on the corporation itself." *Id.* Further, section 59 presents certain

---

[4] Defendants' citation to *In re Gottheiner*, 703 F.2d 1136, 1139-40 (1983) does not support privity as to Dr. Ghosheh and Mr. Sadana because in *Gottheiner*, the court held that privity is established if a party "owns most or all of the shares in a corporation and controls the affairs of the corporation." *Id.* (privity established because "it is undisputed that Gottheiner owned all the outstanding shares of CCHCS stock and exercised control over its day to day affairs."). Here, there is no evidence that Dr. Ghosheh and Mr. Sadana had any ownership interest in Dimensions.

7

exceptions to this general rule.  *Id.*  Yet, Defendants fail to argue that any of these exceptions apply as to Dr. Ghosheh and Mr. Sadana to establish privity.  Thus, the Court concludes Defendants have not demonstrated privity between Dimensions and Dr. Ghosheh and Mr. Sadana.

In conclusion, the Court GRANTS in part and DENIES in part Defendants' motion for reconsideration.[5]

## Conclusion

Based on the above, the Court GRANTS in part and DENIES in part Defendants' motion for reconsideration and concludes that Defendants have demonstrated privity for purposes of claim and issue preclusion as to Defendant IQVIA AG and IQVIA Inc.  The Court also DENIES the motion for reconsideration as to Defendants IQVIA Ltd. and Defendants Dr. Ghosheh and Mr. Sadana.  Because privity has only been shown as to Defendants IQVIA AG and IQVIA Inc., if Defendants seek to file a summary judgment as to these Defendants, they must file another motion for partial summary judgment as they relate specifically to Defendants IQVIA AG and IQVIA Inc.  The hearing set on May 21, 2021 shall be **vacated.**

IT IS SO ORDERED.

Dated:  May 14, 2021

Hon. Gonzalo P. Curiel
United States District Judge

---

[5] In opposition, Plaintiffs also present arguments on the merits of the summary judgment motion which is not relevant and not appropriate on a motion for reconsideration.  (Dkt. No. 207 at 20-26.)  Accordingly, the Court declines to address Plaintiffs' arguments.