UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>IQVIA INC., et al.,<br><br>　　　　　　　　　Defendants. | Case No.:  19-cv-1865-GPC (DEB)<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE AND GRANTING MOTIONS TO SEAL DOCUMENTS**<br><br>**[DKT. NOS. 261, 263, 264]** |

## I.　INTRODUCTION

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. Dkt. No. 263. The dispute concerns Plaintiff's Request for Production of documents relating to seven of Defendants' projects: (1) India; (2) ANAM; (3) Jordan/Hakeem; (4) IPC dClaim Portal; (5) QHIE-HUB; (6) Riayati; and (7) Injazat. *Id.* Plaintiffs claim these projects "exemplify Defendants' misappropriation of [Plaintiffs'] trade secrets, fraudulent scheme to compete against [Plaintiffs] and efforts to conceal this misconduct." *Id*. at 5. Defendants argue none are relevant to Plaintiff's claims. *Id*. at 9.

For the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiffs' request to compel discovery regarding these projects.

## II. LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery . . . ." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Even after the 2015 amendments to Rule 26, "discovery relevance remains a broad concept." *Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, No.14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016); *see also Odyssey Wireless, Inc. v. Samsung Elecs. Co., Ltd*, No. 15-cv-01735-H (RBB), 2016 WL 7665898, at *7 (S.D. Cal. Sept. 20, 2016) ("Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that may be in the case.") (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–51 (1978)).

The party seeking to compel discovery has the burden of establishing its request satisfies the relevancy requirements of Rule 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. July 17, 1995). "[T]he party opposing discovery bears the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence." *Medicinova Inc. v. Genzyme Corp.*, No. 14-cv-2513-L (KSC), 2017 WL 2829691, at *4 (S.D. Cal. June 29, 2017) (quoting *Lofton v. Verizon Wireless (VAW) LLC,* 308 F.R.D. 276, 281 (N.D. Cal. 2015)).

## III. DISCUSSION

This is a suit for misappropriation of trade secrets. Plaintiffs allege Defendants wrongfully obtained and used data from Plaintiffs' pharmacy benefits management ("PBM") platform. Dkt. No. 93. Plaintiffs claim an arbitration tribunal determined a third party, Dimensions Healthcare LLC ("Dimensions") (later acquired by Defendants), developed two competing products using Plaintiffs' misappropriated PBM trade secrets and improperly competed against Plaintiffs with a third product. Dkt. No. 263 at 4. Based on this determination, Plaintiffs claim the tribunal "enjoined any offer or sale" of the

following products: Adjudication Insurance Management System ("AIMS"); Insurance Claims Manager ("ICM"); and Checks for Drugs Services ("CDS"). *Id*.

Plaintiffs request discovery into the seven projects at issue, claiming they are "central to [Plaintiffs'] allegations" because each "can be traced to one or more . . . enjoined products. . . ." Dkt. No. 263 at 5. Defendants respond that "these seven projects [do not] involve . . . unlawful competition" (*id*. at 9) and attach supporting affidavits (Dkt. Nos. 263-1–263-3).

### A. The ANAM, Jordan/Hakeem, and Injazat Projects Are Discoverable

The Court finds Plaintiffs carried their burden of establishing the ANAM, Jordan/Hakeem, and Injaza projects are relevant to Plaintiffs' claims. Plaintiffs' submission sufficiently demonstrates these projects may contain evidence bearing on the issues in this case.

The Court is not persuaded by Defendants' argument that the Court should not allow discovery into projects where Defendant's "did not win the business." Dkt. No. 263 at 11. Unsuccessful bids may still evidence use or attempted use of Plaintiff's trade secrets.

The Court also is not persuaded by Defendants' argument that the Court should not allow discovery into "pre-[arbitration] injunction proposal[s]." *Id*. at 10. *See* Dkt. No. 258 (July 15, 2021 Order overruling Defendants' objection to discovery into "issues that were previously decided" in the prior arbitration).

The Court, therefore, orders Defendants to produce responsive documents on the ANAM, Jordan/Hakeem, and Injaza projects.

### B. The India, IPC, QHIE-HUB, India, and Riayati Projects Are Not Discoverable

The Court finds Plaintiffs have not established the relevance of the IPC eClaim Portal, QHIE-HUB, India, and Riayati projects. Plaintiff have not sufficiently demonstrated these projects involve the trade secrets at issue here, and Defendants have come forward with evidence that they do not. *See Kinnee v. Shack, Inc.*, No. 07-cv-1463-AC, 2008 WL 1995458, at *4 (D. Or. May 6, 2008) ("Barring contradicting evidence, the court typically relies upon a party's representations about the information or documents it

has produced or does not possess."). The Court, therefore, denies Plaintiffs' request to compel discovery into the IPC eClaim Portal, QHIE-HUB, India, and Riayati projects.

## IV.   MOTIONS TO SEAL

Each party filed a motion to seal documents. Dkt. Nos. 261, 264. The parties request the Court seal the documents lodged at Dkt. Nos. 262 and 265 (Joint Motion for Determination of Discovery Dispute, certain exhibits provided in support of the Joint Motion, Dimensions witnesses' declarations, and accompanying exhibits to the declarations) because these documents implicate Defendants' "confidential and sensitive business information," and contain Defendants' operations, strategies to obtain new clients, and "confidential projects, products and deal terms." Dkt. Nos. 261 at 3; 264 at 3. The parties filed a redacted pleading that omits the information in question. Dkt. No. 263. Good cause appearing, the Court GRANTS the Motions to Seal and directs the Clerk of Court to file the documents lodged at Dkt. Nos. 262 and 265 under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] particularized showing under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions.") (citations, quotations, and edits omitted).

## V.   CONCLUSION

Based on the foregoing, Plaintiffs' request to compel discovery on seven projects is GRANTED in part and DENIED in part. Defendants must produce responsive documents on the Injazat, Jordan/Hakeem, and ANAM projects on or before **August 23, 2021**. The documents lodged at Dkt. Nos. 262 and 265 **SHALL BE FILED UNDER SEAL**.

**IT IS SO ORDERED**.

Dated: August 9, 2021

Honorable Daniel E. Butcher
United States Magistrate Judge