UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>IQVIA INC., et al.,<br><br>　　　　　　　　　Defendants. | Case No.:  19-cv-1865-GPC (DEB)<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO ENFORCE THE COURT'S JUNE 29, 2021 ORDER**<br><br>**[DKT. NO. 284]** |

## I.     INTRODUCTION

Before the Court is Defendants' Ex Parte Application to Enforce the Court's June 29, 2021 Order. Dkt. No. 284. At issue is Defendants' Request for Production Nos. 73 and 83, which seek Plaintiffs' source code and revision history. Defendants request Plaintiffs produce the source code for inspection in a manner that permits the use of automated comparison techniques. Dkt. No. 284-1 at 2. Plaintiffs oppose. Dkt. Nos. 288 and 297.

For the reasons set forth below, the Court GRANTS the Application.[1]

---

[1] Any dispute over MedBlocX must be brought pursuant to the Court's chambers rules.

## II.  RELEVANT BACKGROUND

On June 29, 2021, the Court ordered Plaintiffs to produce their source code for inspection. Dkt. No. 248. On August 3, 2021, Defendants filed the instant Application claiming Plaintiffs are "undermin[ing] the June 29 Order by making the review of their source code unduly onerous." Dkt. No. 284-1 at 2. Specifically, Defendants contend "Plaintiffs refused to allow their source code and Defendants' source code to be loaded on the same machine so that 'automated comparison techniques' could be used." *Id*. at 3. On August 4, 2021, Plaintiffs filed an Opposition raising objections and concerns with automated comparison. Dkt. No. 288; *see also* Dkt. No. 297.

The Court ordered the parties to file supplemental briefing regarding the: (1) benefits to Defendants; (2) prejudice to Plaintiffs; and (3) logistics and costs associated with forensically wiping source code from a computer following any automated comparison. Dkt. No. 292. On August 20, 2021, the parties' filed responsive supplemental briefs. Dkt. Nos. 296, 297.

## III.  DISCUSSION

In support of their request for automated comparison, Defendants submitted a declaration from their forensic software analyst opining that automated comparison:

- is extremely common . . . in trade secret disputes;
- render[s] [inspection] much more reliable;
- allows a much more in-depth analysis and comparison of the Defendants' source code and the source code alleged to contain Plaintiffs' trade secrets;
- reduces the amount of time required to locate the code that uses similar data names . . . even where the code is understood to have been developed independently, and even where the code is written in different programming languages;
- can help identify correlations and/or similarities, based on . . . textual elements within the source code;
- minimize[s] the time and cost required to perform source code analysis;

2

- reduc[es] the overall volume of code that must be evaluated;
- aid[s] in understanding temporal relationships; and
- will be more thorough and comprehensive than relying only on manual inspection.

Dkt. No. 296-1 at 4, 6–8. Additionally, the analyst declares, "Upon completion of the code inspection, either or both parties' source code can be securely erased." *Id*. at 9.

In opposition, Plaintiffs' claim: (1) automated comparison of their source code "was not part of any discovery request"; (2) "an artificial comparison . . . serve[s] no purpose but to mislead and confuse the Court and the jury about issues that are not in dispute"; and (3) wiping or completely overwriting the computer with both parties' source code prevents Plaintiffs from (a) "confirming that its source code was not altered or stolen" and (b) "check[ing]" the evidence forming Defendants' expert's opinion. Dkt. No. 297 at 5, 7–8.

The Court finds Defendants' request for automated comparison is a reasonable and (potentially) efficient manner of satisfying Defendants' Requests for Production. The Court further finds Plaintiffs' concern about jury confusion is speculative and premature at this stage of the litigation. Regarding Plaintiffs' concern over maintaining the confidentiality of its source code, the Court has entered a Protective Order (Dkt. No. 179) and also orders the parties to adopt and implement a protocol that will allow Plaintiffs to verify their source code was neither altered nor stolen during the automated comparison.

//
//
//
//
//
//
//
//

1    Accordingly, the Court GRANTS Defendants' Ex Parte Application as follows:
2 (1) Plaintiffs must provide their source code in a form that allows automated comparison;
3 (2) the parties must meet and confer and adopt a protocol for conducting the automated
4 comparison on or before **September 17, 2021**; (3) the parties must complete the automated
5 comparison on or before **September 24, 2021**; and (4) Defendants are to bear all costs
6 associated with implementation of the automated comparison protocol.
7    **IT IS SO ORDERED**.
8 Dated:  September 9, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge