UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> IQVIA INC., et al., <br><br> Defendants. | Case No.: 19-cv-1865-GPC-DEB <br><br> **ORDER ON JOINT MOTION FOR DETERMINATION OF DISPUTE REGARDING RECONSIDERATION OF COURT ORDER AND GRANTING MOTIONS TO SEAL DOCUMENTS** <br><br> [DKT. NOS. 310, 312, 313] |

## I.   INTRODUCTION

Before the Court is the parties' Joint Motion for Determination of Dispute Regarding Reconsideration of Court Order. Dkt. No. 312. Plaintiffs request the Court reconsider its August 9, 2021 Order (Dkt. No. 289) "regarding whether QHIE-HUB should be within the scope of discovery." Dkt. No. 312 at 3.[1]

---

[1] The QHIE-HUB dispute implicates Plaintiffs' Requests for Production ("RFP") to:
- Dr. Ghosheh, Set Two, RFP Nos. 80–112, 117–121;
- Mr. Sadana, Set Two, RFP Nos. 80–112, 120–124;
- IQVIA Inc., Set Two, RFP Nos. 77–109, 117–121;

1

For the reasons set forth below, the Court GRANTS reconsideration and orders Defendants to provide discovery regarding QHIE-HUB.

## II. RELEVANT BACKGROUND

On July 16, 2021, the parties filed a Joint Motion for Determination of Discovery Dispute. Dkt. No. 263. At issue was Plaintiffs' discovery requests relating to seven of Defendants' projects, including QHIE-HUB. *Id.* at 4. Defendants objected to the relevance of the discovery. *Id.* at 9. On August 9, 2021, the Court issued an order granting in part and denying in part Plaintiffs' request to compel discovery regarding these projects. Dkt. No. 289. In pertinent part, the Court found Plaintiffs did "not establish[ ] the relevance of the . . . QHIE-HUB . . . project[ ]." *Id.* at 3.

Through this Joint Motion, Plaintiffs seek reconsideration of the Court's Order as it relates to QHIE-HUB. Plaintiffs contend newly discovered evidence establishes the relevance of the QHIE-HUB project. Dkt. No. 312 at 2. Defendants oppose reconsideration, maintaining their position that QHIE-HUB is not relevant to this case. *Id.* at 5.

## III. DISCUSSION

A party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." CivLR 7.1(i)(1). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

In this Motion, Plaintiffs submit new evidence supporting their claim that Defendants either provided or planned to provide pharmacy benefits management ("PBM")

---

- IQVIA AG and IQVIA LTD., Set Three, RFP Nos. 86–118, 126–130; and
- IQVIA AG and IQVIA LTD., Set One, RFP Nos. 23–25, 34, 59–62, 75.

Dkt. No. 312 at 2.

in connection with the QHIE-HUB project. *See* Dkt. No. 312-1 (Declaration of Nicholas Hodges and Exhibits 1–6).[2] Defendants submit evidence supporting their assertion that QHIE-HUB did not involve PBM. *See* Dkt. No. 312-2 (Declaration of Sumit Sadana and Exhibits A–I). The Court cannot resolve this factual dispute on a discovery motion. Informing factual disputes is the precise purpose of discovery. *See, e.g.*, *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004) (One purpose of discovery is to "reveal what evidence the opposing party has, thereby helping determine which facts are undisputed . . . and which facts must be resolved at trial.").

The Court finds the new evidence submitted by Plaintiffs establishes the QHIE-HUB discovery they seek meets the relevancy requirement of Rule 26(b)(1). *See Soto v. City of Concord*, 126 F.R.D. 603, 610 (N.D. Cal. 1995) ("[T]he question of relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case.") (internal quotation omitted); *see also* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). The Court, therefore, GRANTS reconsideration.

## IV.   MOTION TO SEAL

Each party filed a motion to seal documents. Dkt. Nos. 310, 313. The parties request the Court seal the documents lodged at Dkt. Nos. 311 and 314 (Joint Motion for Determination of Discovery Dispute, certain exhibits provided in support of the Joint Motion, Plaintiffs' counsel's declaration, Defendant Amit Sadana's declaration, and accompanying exhibits to the declarations) because these documents implicate Defendants' "confidential and sensitive business information," and contain Defendants' operations and business, and "confidential projects, products and deal terms." Dkt.

---

[2] Plaintiffs satisfy the requirements for reconsideration because they support their request with five documents Defendants produced in discovery following the Court's August 9, 2021 Order.

Nos. 310 at 3; 313 at 3. The parties filed a redacted pleading (without attaching exhibits) that omits the information in question. Dkt. No. 312. Good cause appearing, the Court GRANTS the Motions to Seal and directs the Clerk of Court to file the documents lodged at Dkt. Nos. 311 and 314 under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] particularized showing under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions.") (citations, quotations, and edits omitted).

## V. CONCLUSION

On or before **October 20, 2021**, Defendants must produce responsive documents on the QHIE-HUB project. The Clerk of Court is ordered to file the documents lodged at Dkt. Nos. 311 and 314 under seal.

**IT IS SO ORDERED**.

Dated: October 6, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge