UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>IQVIA INC., et al.,<br><br>Defendants. | Case No.: 19-cv-1865-GPC-DEB<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE AND GRANTING MOTION TO SEAL DOCUMENTS**<br><br>**[DKT. NOS. 317, 319]** |

## I.  INTRODUCTION

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. Dkt. No. 319.[1] The dispute concerns Plaintiffs' Request for Production of

---

[1]  This dispute implicates Plaintiffs' Request for Production to:

- IQVIA AG, Set Five, RFP Nos. 194–96;
- IQVIA Ltd., Set Five, RFP Nos. 193–95;
- IQVIA Inc., Set Four, RFP Nos. 184–86;
- Dr. Ghosheh, Set Three, RFP Nos. 128–30; and
- Mr. Sadana, Set Three, RFP Nos. 131–33.

Dkt. No. 319 at 3.

Documents ("RFP") relating to three of Defendants' products: (1) Checks for Drugs and Services ("CDS"); (2) Code Checks Engine ("CCE"); and (3) Code Checks Management ("CCM") (collectively "Disputed Products"). *Id.* at 4.[2] Plaintiffs contend the Disputed Products are relevant to their fiduciary duty, RICO, and conspiracy claims because they "compete directly with [Plaintiffs'] Pharmacy Benefit Management ("PBM") platform and provide PBM functionality." *Id.* at 4. Defendants argue the Disputed Products are irrelevant because they are not PBM technology. *Id.* at 8.

For the reasons set forth below, the Court GRANTS Plaintiffs' request to compel discovery on the Disputed Products.

## II.  LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery . . . ." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (quoting *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)). "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Even after the 2015 Amendments to Rule 26, "discovery relevance remains a broad concept." *Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, No.14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016); *see also Odyssey Wireless, Inc. v. Samsung Elecs. Co., Ltd.*, No. 15-cv-01735-H-RBB, 2016 WL 7665898, at *2 (S.D. Cal. Sept. 20, 2016) ("Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that may be in the case.") (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–51 (1978)).

The party seeking to compel discovery has the burden of establishing its request satisfies the relevancy requirements of Rule 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. July 17, 1995). This "is a relatively low bar." *Cont'l Circuits LLC v.*

---

[2] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

2

*Intel Corp.*, 435 F. Supp. 3d 1014, 1018 (D. Ariz. 2020). "[T]he party opposing discovery bears the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence." *Medicinova Inc. v. Genzyme Corp.*, No. 14-cv-2513-L-KSC, 2017 WL 2829691, at *4 (S.D. Cal. June 29, 2017) (quoting *Lofton v. Verizon Wireless (VAW) LLC,* 308 F.R.D. 276, 281 (N.D. Cal. 2015)).

### III. DISCUSSION

The discovery requests at issue seek comparisons of the three Disputed Products, which Plaintiffs argue are "directly relevant to [Plaintiffs'] fiduciary duty, RICO, and conspiracy claims and proportional to the needs of the case." Dkt. No. 319 at 4. Regarding the Disputed Products, Plaintiffs claim an arbitration tribunal enjoined "any offer or sale of CDS because it competes with [Plaintiffs'] PBM." *Id.* Plaintiffs also claim Defendants renamed CDS to CCE two months after the injunction, and Defendants have also referred to CDS as CCM. *Id.* at 6.[3]

Defendants respond that discovery is limited to PBM technology and claims data, and CDS "is not itself a PBM technology." *Id.* at 8 (emphasis in original). Defendants also argue CDS and related products are irrelevant because: (1) Plaintiffs' unfair competition and tortious interference claims were dismissed; (2) there is "no such thing as a RICO-based 'conspiracy to compete' claim for violation of a contractual commitment"; and (3) Plaintiffs do not "specifically allege[ ] anything about CDS amounting to a 'breach of fiduciary duty.'" *Id.* at 10.

The Court finds the discovery at issue clears the "relatively low bar" of relevance. *Cont'l Circuits*, 435 F. Supp. 3d at 1018. Plaintiffs' First Amended Complaint ("FAC") alleges the individually named Defendants (in their capacities as Board of Directors of MedImpact Arabia ("MIA") and as shareholders) violated their fiduciary obligations "by

---

[3] These claims are supported by Exhibits 5 and 6 attached to the Declaration of Jennifer D. Bennett. Dkt. No. 319-3.

marketing Dimensions' competing products in competition against MIA's PBM platform to MIA's existing clients." Dkt. No. 93 ¶¶ 57, 109. Plaintiffs' FAC specifically alleges Defendants "hoped to switch [Plaintiffs' clients] away from MIA's PBM to AIMS and another Dimensions product, CDS. . . ." *Id.* ¶ 65. These allegations establish the relevance of the discovery Plaintiffs seek. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery….").

Although Defendants argue CDS "is not itself a PBM technology," Dkt. No. 319 at 8 (emphasis in original), Plaintiffs contend "CDS, CCE, and CCM compete with MedImpact's PBM and provide PBM functionality." *Id.* at 4. Both parties support their positions with evidence. *See, e.g.*, Declaration of Heather Bates (Dkt. No. 319-1) and Declaration of Dr. Robert P. Navarro (Dkt. No. 319-2). The Court will not resolve or attempt to reconcile this factual dispute on a discovery motion. *See Fosbre v. Las Vegas Sands Corp.*, No. 10-cv-00765-APG-GWF, 2016 WL 54202, at *5 (D. Nev. Jan. 5, 2016) ("[T]o obtain [certain] discovery, . . . Plaintiffs are not required to prove, and the Court is not required to find, that their claims are valid. That is a matter to be determined based on admissible evidence presented at trial or on motion for summary judgment."). The allegations in Plaintiffs' FAC and the evidence Plaintiffs submit with this Motion are more than sufficient to establish the relevance of the discovery Plaintiffs' seek. *See Soto v. City of Concord*, 126 F.R.D. at 610 ("[T]he question of relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case.") (internal quotation omitted).

## IV.   MOTIONS TO SEAL

Plaintiffs filed a Motion to Seal Documents in Support of Joint Motion for Determination of Discovery Dispute. Dkt. No. 317. Plaintiffs request the Court seal the documents lodged at Dkt. No. 318 (Joint Motion for Determination of Discovery Dispute and exhibits provided in support of the Joint Motion) because these documents implicate Defendants' "confidential and sensitive business information" and contain Defendants' operations, strategies to obtain new clients, and "confidential projects, products and deal

terms." *Id.* at 2–3. The parties filed a redacted pleading that omits the information in question. Dkt. No. 263. Good cause appearing, the Court GRANTS the Motion to Seal and directs the Clerk of Court to file the documents lodged at Dkt. No. 318 under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] particularized showing under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions.") (internal quotations, citations, and edits omitted).

## V.     CONCLUSION

Based on the foregoing, Plaintiffs' request to compel discovery on CDS, CCE, and CCM is GRANTED. Defendants must produce responsive documents on or before **October 21, 2021**. The documents lodged at Dkt. No. 318 **MUST BE FILED UNDER SEAL**.

**IT IS SO ORDERED**.

Dated:  October 7, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge