UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>IQVIA INC., et al.,<br><br>                              Defendants. | Case No.:  19-cv-1865-GPC-DEB<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE AND GRANTING MOTION TO SEAL DOCUMENTS**<br><br>**[DKT. NOS. 339, 341]** |

## I.     INTRODUCTION

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. Dkt. No. 341. At issue are Plaintiffs' Request for Production of Documents ("RFP") Nos. 155, 157, 158, and 198. *Id.* at 3. Plaintiffs claim Defendants are improperly withholding discovery on Defendants' Expert Monitoring System ("EMS"), Community Health Platform Deck, and Jordan National E-Claims Platform. *Id.* at 4, 7. Defendants respond by agreeing to produce documents relating to Community Health Platform Deck and Jordan National E-Claims Platform, but object to producing EMS related documents, which Defendants contend does not involve pharmaceutical benefit management ("PBM") technology. *Id*. at 8.

For the reasons set forth below, the Court GRANTS Plaintiffs' motion to compel.

## II. LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery . . . ." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b). Even after the 2015 amendments to Rule 26, "discovery relevance remains a broad concept." *Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, No. 14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016); *see also Odyssey Wireless, Inc. v. Samsung Elecs. Co., Ltd*, No. 15-cv-01735-H-RBB, 2016 WL 7665898, at *2 (S.D. Cal. Sept. 20, 2016) ("Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that may be in the case.") (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–51 (1978)).

The party seeking to compel discovery has the burden of establishing its request satisfies the relevancy requirements of Rule 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. July 17, 1995). "[T]he party opposing discovery bears the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence." *Medicinova Inc. v. Genzyme Corp.*, No. 14-cv-2513-L-KSC, 2017 WL 2829691, at *4 (S.D. Cal. June 29, 2017) (quoting *Lofton v. Verizon Wireless (VAW) LLC,* 308 F.R.D. 276, 281 (N.D. Cal. 2015)).

## III. DISCUSSION

Plaintiffs' RFPs at issue are as follows:

> RFP No. 155: "All versions of the 'Community Health Platform' deck, which has 'been ongoing since Dimensions started, so it's been progressing,' as referenced by Azmi Asali on page 36 of his deposition transcript."

> RFP No. 157: "The Contract between IQVIA and the government of Jordan for the Jordan national platform project, as referenced by Azmi Asali on page 46 of his deposition transcript. (See IQVIA Asali Final Transcript at 46:13–16, attached as Exhibit A.) (Q. "Has a contract been signed or is there a contract

between IQVIA and the government of Jordan in connection with this platform?" A. Yeah, I believe there is a contract.")

RFP No. 158: "All versions of the following documents for the Jordan project, as referenced by Azmi Asali on pages 47 and 48 of his deposition transcript: workflow, architecture, data sizing for the infrastructure, and technical specifications. (See IQVIA Asali Final Transcript at 47:9–25 through 48:1–3, attached as Exhibit A.)

RFP No. 198: "All development documents for Expert Monitoring System ("EMS"), including all drat versions of such documents. This request includes but is not limited to design outlines, design sketches, and variable mappings."

Dkt. Nos. 341 at 3; 341-3.

### A. RFP No. 155

Plaintiffs' RFP No. 155 seeks all versions of Defendants' "Community Health Platform" deck. Defendants respond, "the burden of producing all iterations of the Community Health Plan is trivial, Defendants will simply produce them, if they have them." Dkt. No. 341 at 8. Accordingly, the Court GRANTS Plaintiffs' motion to compel a further response to RFP No. 155.

Defendants must produce responsive documents to RFP No. 155 on or before **November 23, 2021**. If Defendants do not have the requested documents, they must make that assertion under oath and describe their efforts to obtain the documents. *See Bryant v. Armstrong*, 285 F.R.D. 596, 603 (S.D. Cal. 2012) ("If there are no other responsive documents in Defendant's possession, custody, or control, after conducting this further attempt to locate records, [the defendant] must state so under oath and describe efforts he made to locate responsive documents.") (citation omitted).

### B. RFP Nos. 157, 158

Plaintiffs' RFP Nos. 157 and 158 seek documents related to the "Jordan national platform project," which Plaintiffs contend was identified by Defendants' witness during a deposition and already determined to be relevant by the Court. Dkt. No. 341 at 7. In

response, Defendants state, "if Plaintiffs can demonstrate the referenced Jordan Platform is something other than the EHSI/Hakeem project about which they have already had full discovery, Defendants will produce that information as well." *Id*. at 8.

Plaintiffs' RFP Nos. 157 and 158 sufficiently describe the documents Plaintiffs seek. Defendants must produce all responsive documents on or before **November 23, 2021**.

**C. RFP No. 198**

Plaintiffs' RFP No. 198 seeks draft development documents for Defendants' EMS. Based on Plaintiffs' assertion that Defendants renamed an enjoined product (AIMS) to EMS, Plaintiffs argue draft development EMS documents are relevant to: (1) Defendants' "defense that they only deployed a PBM version of EMS to one customer"; (2) show Defendants' marketing of Plaintiffs' misappropriated trade secrets; and (3) Plaintiffs' RICO claims. Dkt. No. 341 at 5–6.

Defendants respond that discovery is limited to PBM technology and claims data, and Plaintiffs "offer[ ] no evidence at all that EMS is AIMS." Dkt. No. 341 at 9. Defendants also argue Plaintiffs only show "a single instance of an EMS project . . . actually involving PBM." *Id*.

The Court finds the EMS discovery sought in RFP No. 198 clears the "relatively low bar" of relevance. *Cont'l Circuits LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1018 (D. Ariz. 2020). The parties do not dispute AIMS was enjoined for misappropriating Plaintiffs' trade secrets. Plaintiffs have provided evidence that AIMS was renamed EMS. Dkt. No. 341-5. Although Defendants contend Plaintiffs failed to show the EMS "projects are indeed PBM projects," Dkt. No. 341 at 10, Plaintiffs produced evidence that at least one EMS project involved PBM. *See* Dkt. Nos. 341-1, ¶ 11; 341-2, ¶ 4. The Court, therefore, finds EMS development documents are relevant. *Cf. Asus Comput. Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2013 WL 6113253, at *2 (N.D. Cal. Nov. 20, 2013) (finding product development documents relevant "to demonstrate the demand for the innovative features of the patents"); *Bioscience v. Actavis Llc*, No. 16-1925-JMV, 2017 WL 9808442,

at *3 (D.N.J. Sep. 12, 2017) (holding "product development documents, before and after the issue date of Plaintiff's patents, are relevant to the failure of others").

Defendants must produce all non-privileged documents responsive to Plaintiffs' RFP No. 198 on or before **November 23, 2021**.

### IV.   MOTION TO SEAL

Plaintiffs filed a motion to seal documents (Dkt. No. 339), requesting the Court seal the documents lodged at Dkt. No. 340 (Joint Motion for Determination of Discovery Dispute, Plaintiffs' witness's declaration, and Plaintiff's counsel's declaration with accompanying exhibits) because these documents implicate Defendants' "confidential sensitive business information," and contain Defendants' operations, strategies to obtain new clients, and "confidential projects, products, and deal terms." Dkt. No. 339 at 3. Plaintiff filed a redacted pleading that omits the information in question. Dkt. No. 341. Good cause appearing, the Court GRANTS the Motion to Seal and directs the Clerk of Court to file the documents lodged at Dkt. No. 340 under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] particularized showing under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions.") (internal quotations, citations, and edits omitted).

//
//
//
//
//
//
//
//
//
//

## V.  CONCLUSION

Based on the foregoing, Plaintiffs' motion to compel further discovery is GRANTED. Defendants' General Objection No. 17 to Plaintiffs' RFP Nos. 155, 157, 158, and 198 is overruled, and Defendants must produce responsive documents on or before **November 23, 2021**. The Clerk of Court is directed to filed the documents lodged at Dkt. No. 340 **UNDER SEAL**.

**IT IS SO ORDERED**.

Dated:  November 9, 2021

Honorable Daniel E. Butcher
United States Magistrate Judge