1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., a California corporation; MEDIMPACT INTERNATIONAL LLC, a California limited liability company; and MEDIMPACT INTERNATIONAL HONG KONG LTD., a Hong Kong company, | Case No. 19-cv-01865-GPC-DEB **ORDER GRANTING JOINT MOTION TO AMEND PROTECTIVE ORDER [DKT. NO. 381] AND ENTERING AMENDED PROTECTIVE ORDER** |
| Plaintiffs, | |
| v. | |
| IQVIA INC., a Connecticut corporation ; IQVIA Ltd., a UK company; IQVIA AG, a Swiss company; OMAR GHOSHEH, individually; and AMIT SADANA, individually, and DOES 1-20, | |
| Defendants. | |

Before the Court is the parties' Joint Motion to Amend Protective Order. Dkt. No. 381. Good cause appearing, the Court GRANTS the Motion and enters the following Amended Protective Order:

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the Parties. The Parties have agreed to be bound by the terms of this Protective Order ("Order") in this action. The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1.    The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any Party or subpoenaed non-party to which it belongs.

2.    The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches;

drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.    The term "counsel" will mean (a) outside counsel of record (including other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified herein: Jones Day, Dentons US LLP, Klinedinst PC, Pillsbury Winthrop Shaw Pittman LLP, Quinn Emanuel Urquhart & Sullivan, LLP, and Baker & McKenzie LLP); (b) in-house litigation counsel; (c) other in-house counsel whose responsibilities do not include operational business or competitive decision-making authority, provided disclosure to counsel covered by subparagraphs (b) and (c) hereof is reasonably necessary for the prosecution or defense and conduct of this litigation, and (d) Court-approved in-house counsel for Defendants—currently Laura Kibbe, Lisa Katz, and Maureen Nakly—pursuant to the Court's February 4, 2021 Order at ECF No. 173 and court-approved in-house counsel for Plaintiffs—Nancy Radtke—pursuant to agreement of all parties.

### GENERAL RULES

4.    Each Party or subpoenaed non-party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order (hereinafter, the "Producing Party") may designate the same as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY."

    (a)    **Designation as "CONFIDENTIAL"**: Any Producing Party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such Producing Party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such designating party.

(b)     **Designation as "ATTORNEYS' EYES ONLY"**: Any Producing Party may designate information as "ATTORNEYS' EYES ONLY" only if, in the good faith belief of such Producing Party and its counsel, the information is among that considered to be highly sensitive by the designating party, including but not limited to research, technical, commercial, financial, or pricing information, or such other proprietary or sensitive business and commercial information that is not publicly available, disclosure of which could reasonably result in commercial, financial, or business harm.

(c)     **Designation as "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY"**: Any Producing Party may designate information as "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" only if, in the good faith belief of such Producing Party and its counsel, the information would disclose trade secrets or Source Code.

"Source Code" includes extremely sensitive information or items representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. To the extent production of Source Code becomes necessary in this case, a Producing Party may designate Source Code as "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" if it comprises or includes confidential, proprietary or trade secret Source Code.

(d)     If a Producing Party chooses to designate material "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL AND COURT APPROVED

IN-HOUSE COUNSEL ONLY" it must mark those documents provisionally with that designation to give the receiving party (hereinafter, the "Receiving Party") a reasonable opportunity to review and evaluate whether the Receiving Party agrees with the designation. The Producing Party will also identify in a cover letter to the production, by bates numbers, all documents that have been so marked. If the Receiving Party has questions about and/or objections to any of the provisional designations it may proceed to address any such questions and/or objections according to the provision of Paragraph 17 hereof. In the absence of notice by the Receiving Party of questions about and/or objections to the designations "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY," the designation will be considered final for purposes of any use of such documents in the matter.

5.   In the event the Producing Party elects to produce materials for inspection, no marking need be made by the Producing Party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the Producing Party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6.   Whenever a deposition taken on behalf of any Party involves a disclosure of confidential information of any Party or subpoenaed non-party:

(a)   the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible,

but a Party or subpoenaed non-party may designate portions of depositions as containing confidential information after transcription of the proceedings; a Party or subpoenaed non-party will have until fourteen (14) days after receipt of the deposition transcript to inform the other Party or Parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY."

(b)   the disclosing Party or subpoenaed non-party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraphs 8-9 (for "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" information), Paragraph 10 (for "ATTORNEYS' EYES ONLY" information), Paragraph 11 (for "CONFIDENTIAL" information) below;

(c)   the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.   All confidential information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" must not be disclosed by the Receiving Party to anyone other than those persons designated within this Order and

must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation or as permitted by this Court's Order dated December 9, 2021 (Dkt. 373), unless and until such designation is removed either by agreement of the Parties, or by order of the Court.

8.    Information designated "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" may only be viewed by outside counsel of the Receiving Party as defined in Paragraph 3(a); Court-approved in-house counsel as defined in Paragraph 3(d); witnesses (pursuant to the terms of Paragraph 8(a)-(b)); independent experts (pursuant to the terms of Paragraph 8(c)); employees of a party's insurer (pursuant to the terms of Paragraph 8(d)); and the individuals described in Paragraphs 8(e)-(i), under the conditions set forth in this Paragraph and Subparagraphs.

(a)    **Witnesses**: A witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in the above-captioned case not otherwise authorized to view the information designated "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" in question, has the right to review such information during that witness' testimony at a deposition, hearing, or trial in the above-captioned case, or in preparation for the same; provided that:

(1)    the name of the witness appears on the document either as an author or recipient thereof or in the body of the document;

(2)    the witness is a current employee of the Producing Party;

(3)    the witness is a former employee of the Producing Party who was employed at the time the document was created (provided the former employee is not currently employed by a competitor of the Producing Party or is or was a Defendant in this matter); or

(4)    counsel for the Producing Party expressly authorizes in writing disclosure of the information to the witness prior to its disclosure.

(b)    Any witness authorized pursuant to subparagraphs (2, 3, or 4) of paragraph 8(a) to review information designated "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" may only review such information provided that:

(1)    the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes;

(2)    the witness is not permitted to retain the information designated "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" after the witness is examined regarding the Protected Material, unless the witness was previously authorized to possess the information prior to the examination;

(3)    the witness signs the Exhibit A; and

(4)    the witness is explicitly informed by counsel for the Party seeking to use the information designated "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" that signing Exhibit A means that the witness is forbidden from disclosing the information designated "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" except as permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order.

(c)    **Independent Experts**: Any independent expert (testifying or otherwise) who is to receive or review confidential information must sign a copy of the form attached hereto as Exhibit A in advance of seeing or receiving such confidential information. The right of any independent expert, including support staff employed by such expert, to receive

confidential information designated "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" will be subject to the advance approval of such expert by the Producing Party or by permission of the Court. The Party seeking approval of an independent expert to access such confidential information must provide the Producing Party with the name and curriculum vitae of the independent expert. Any objection by the Producing Party to an independent expert receiving confidential information designated "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" must be made in writing within fourteen (14) days following receipt of the identification of the expert to whom access is proposed. "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts' access to "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" information must not be unreasonably withheld;

(d) **Employees of a Party's Insurer**: Relevant employees of any insurer to a Party may review information designated "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" to the extent that such disclosure is reasonably necessary for the prosecution or defense of that Party in this action and who have signed Exhibit A;

(e) Special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed Exhibit A;

(f) Any other person agreed to by the designating party in writing;

(g)   Persons engaged by a Party's counsel to furnish litigation support services, such as, but not limited to, E-discovery vendors, technological support staff, graphic consultants, jury consultants, jury research participants, and office support staff, in this action, but not including the Party receiving the information, or any director, officer, agent or employee of the Party;

(h)   Pursuant to the restrictions set forth in Paragraphs 8 and 9 of this Order, officers of the Court, members of the jury; and

(i)   Any other person to whom the Court compels disclosure of the designated "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" or to whom disclosure is required by law.

9.   Disclosure of Source Code information is subject to the following terms:

(a)   To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" if it comprises or includes confidential, proprietary, and/or trade secret Source Code. Nothing in this Protective Order shall be construed as a representation or admission that Source Code is properly discoverable, or to obligate any Party to produce any Source Code. Source Code includes human-readable programming language text that defines software. Text files containing Source Code shall hereinafter be referred to as "Source Code files." Source Code files shall include, but are not limited to, files containing Source Code in "C," "C++," BREW, Java ME, J2ME, assembler programming languages, and other human readable text programming languages.  Source Code files further include ".include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor or micro-controller.

Unless otherwise ordered by the Court or permitted in writing by the Producing Party, discovery information designated as "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" shall be subject to the provisions set forth herein, and may be disclosed, subject to the provisions set forth below, solely to:

(1)   the Receiving Party's outside counsel in this Action, as well as such of immediate paralegals and staff and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff (1) who are not involved in competitive decision-making, as defined by *Brown Bag Software v. Symantec Corp.,* 960 F.2d 1465, 1470 (9th Cir. 1992), (as opposed to legal advice) on behalf of a Party or a competitor of a Party; and (2) to whom it is reasonably necessary to disclose the information for this litigation;

(2)   Court-approved in-house counsel as defined in Paragraph 3(d);

(3)   experts of the Receiving Party, retained for this matter, provided that disclosure is only to the extent necessary to perform such work and provided that: (1) such Expert has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (2) such Expert is not involved in competitive decision-making, as defined by *Brown Bag Software v. Symantec Corp.,* 960 F.2d 1465, 1470 (9th Cir. 1992), on behalf of a Party or a competitor of a Party; (3) to the extent required by U.S. government export control and economic sanctions laws, including the U.S. Export Administration Regulations, such Expert accesses the Source Code in the United States only, and does not transport such Source Code to or access it from any

AMENDED PROTECTIVE ORDER

foreign jurisdiction; and (4) no unresolved objections to such disclosure exist after proper notice has been given to all Parties;

(4)    professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A;

(5)    the Court and its personnel;

(6)    court reporters and their staff who have signed Exhibit A, with the exception that printouts of Source Code used as exhibits in a deposition shall not be provided to the court reporter or their staff;

(7)    any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(8)    any other person with the prior written consent of the Producing Party.

(b)    Any Source Code produced by the Producing Party shall be made available for inspection in electronic format at a designated facility of the Producing Party's vendor, or any other location mutually agreed by the Parties. Any Source Code files that are produced by the Producing Party will be made available for inspection at the San Diego office of their outside counsel, Pillsbury Winthrop Shaw Pittman LLP, or any other location agreed by the Parties. Source Code will be made available for inspection between the hours of 9 a.m. and 4:30 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(c)    Prior to the first inspection of Source Code, the Receiving Party shall provide thirty (30) days' notice of the Source Code that it wishes to inspect. Plaintiffs made their first request to inspect Source Code on November 3, 2020. Subsequent requests by the Receiving Party for

1    additional Source Code may be made on twenty (20) days' notice and
2    the Parties will work together to accommodate the Requesting Party's
3    request and the Responding Party's needs in making the requested
4    Source Code available in a timely manner.

5    (d)    For Source Code that has already been made available for review, the
6    Receiving Party shall provide two (2) days' notice prior to any
7    additional requests to review that Source Code, although more notice is
8    preferred, and less notice will be considered by the Producing Party if
9    circumstances allow the Producing Party to make such accommodation.

10   (e)    Source Code that is designated "OUTSIDE COUNSEL AND COURT
11   APPROVED IN-HOUSE COUNSEL ONLY" shall be produced for
12   inspection and review subject to the following provisions, unless
13   otherwise agreed by the Producing Party:

14   (1)    All Source Code shall be made available by the Producing Party
15   to the Receiving Party's counsel and/or experts in a secure room
16   on a secured computer in a configuration deemed secure by the
17   Producing Party, as necessary and appropriate to prevent and
18   protect against any unauthorized copying, transmission, removal
19   or other transfer of any Source Code outside or away from the
20   computer on which the Source Code is provided for inspection
21   (the "Source Code Computer" in the "Source Code Review
22   Room"). The Producing Party shall install tools that are sufficient
23   for viewing and searching the Source Code produced, on the
24   platform produced, if such tools exist and are presently used in
25   the ordinary course of the Producing Party's business. The
26   Receiving Party's counsel and/or experts or consultants may
27   request that commercially available software tools for viewing
28   and searching Source Code be installed on the secured computer,

- 13 -
AMENDED PROTECTIVE ORDER

provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools, which approval shall not be unreasonably withheld; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with access to such licensed software tool(s) at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(2)   No recordable media or recordable devices, including without limitation sound recorders, computers, tablets, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(3)   The Receiving Party's counsel and/or experts or consultants shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.  Each page of any such notes containing Source Code information or (and any additional notes, analyses, or descriptions relating thereto) must be marked as "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY."

(4)   The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records

of the Source Code and no information concerning the Source Code is being created or transmitted in any way.

(5)   Access to and review of the Source Code shall be strictly for the purposes of investigating the claims and defenses at issue in this action. Unless otherwise agreed by the Parties in writing, no person shall review or analyze any Source Code for purposes unrelated to this action, and no person may use any knowledge gained as a result of reviewing the Source Code in this action in any other pending or future dispute, proceeding or litigation (although Source Code can be used in appeal or writ proceedings arising from this action).

(6)   No copies of all or any portion of the Source Code may leave the Source Code Review Room except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Source Code Computer shall be equipped to allow printing of the Source Code made available for inspection by the Producing Party. Copies of Source Code shall only be made on watermarked pre-Bates numbered paper, which shall be provided by the Producing Party. Under no circumstances are original printouts of the Source Code to be made except for directly onto the watermarked and numbered sides of the paper provided by the Producing Party. Printouts may be made only when necessary to prepare court filings or pleadings, to prepare a testifying expert's expert report, or for use in a deposition, and for no other purpose (such as to review at a later time elsewhere). Counsel for the Producing Party will keep the original printouts, and shall provide copies of such original printouts to counsel for the Receiving Party within one

(1) business day of (1) any request by the Receiving Party, or (2) otherwise being notified that such original printouts have been made or designated. Counsel may request up to 5 copies of each original printout. All printed Source Code shall be logged by Receiving Party's counsel and/or other personnel of a Receiving Party. No additional electronic copies of the Source Code shall be provided by the Producing Party. Any printed portion that consists of more than twenty-five (25) pages of a continuous block of Source Code shall be subject to the Receiving Party demonstrating good cause, and the burden shall be on the Receiving Party to demonstrate need for such a printed copy. The Receiving Party may print out no more than 5% or two hundred (200) pages of the total Source Code, whichever is greater, absent good cause. If the Receiving Party deems it necessary to print more than 5% or two hundred (200) pages of the total Source Code, whichever is greater, or more than twenty-five (25) pages of a continuous block of Source Code, the Receiving Party and the Producing Party shall meet and confer pursuant to CivLR 26.1.a to determine the appropriate amount of additional pages to be printed. If, after meeting and conferring, the Producing Party and the Receiving Party cannot come to an agreement  as to whether the requested additional pages of printed Source Code are narrowly tailored for a permitted purpose, the Receiving Party shall be entitled to seek a Court resolution by contacting the assigned magistrate judge's chambers within thirty (30) days of the Receiving Party's request to raise the dispute. The burden shall be on the Receiving Party to demonstrate that the requested additional pages are no more than is reasonably necessary for a

permitted purpose and not merely printed for the purposes of review and analysis elsewhere. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings, to prepare a testifying expert's expert report, or for use in a deposition. The printed pages shall constitute part of the Source Code produced by the Producing Party.

(7)     All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including a Receiving Party's counsel, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Protective Order. All persons viewing the Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon one (1) business day's advance notice to the Receiving Party.

(8)     Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Protective Order, the Receiving Party's counsel and/or experts shall remove all notes, documents, and all other materials from

the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or the Source Code Computer. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(9) Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities hosting the Source Code Computer.

(10) The Receiving Party's counsel may not make paper copies of any portions of the Source Code received from a Producing Party, except for copies attached to court filings, expert reports, or used at depositions, and shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper

1    copies are stored. Upon one (1) business day's advance notice to
2    the Receiving Party by the Producing Party, the Receiving Party
3    shall provide a copy of this log to the Producing Party.

4    (11)   The Receiving Party's counsel and any person receiving a copy
5    of any Source Code shall maintain and store any paper copies of
6    the Source Code or any notes, analyses, or descriptions of Source
7    Code at their offices in a manner that prevents duplication of or
8    unauthorized access to the Source Code, including, without
9    limitation, storing the Source Code or any notes, analyses, or
10   descriptions of Source Code in a locked room or cabinet at all
11   times when it is not in use. No more than a total of ten (10)
12   individuals identified by the Receiving Party shall have access to
13   the printed portions of the Producing Party's Source Code (except
14   insofar as such code appears in any court filing or expert report).

15   (12)   For depositions, the Receiving Party may bring printed copies of
16   specific portions of the Source Code it wishes to use at the
17   deposition for the witness and counsel for the Parties. Copies of
18   Source Code that are marked as deposition exhibits shall not be
19   provided to the court reporter or attached to deposition
20   transcripts; rather, the deposition record will identify the exhibit
21   by its production numbers. All paper copies of Source Code
22   brought to the deposition shall remain with the Producing Party's
23   counsel following the deposition for secure destruction in a timely
24   manner.

25   (13)   Except as provided in this sub-paragraph, absent express written
26   permission from the Producing Party, the Receiving Party may
27   not create electronic images, or any other images, or make
28   electronic copies, of the Source Code from any paper copy of

AMENDED PROTECTIVE ORDER

Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF, photograph the Source Code, or scan the Source Code using optical character recognition ("OCR")). Subject to the foregoing exceptions, images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, then the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or to provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Protective Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the

AMENDED PROTECTIVE ORDER

names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" as provided for in this Protective Order.

10.   Information designated "ATTORNEYS' EYES ONLY" may only be viewed by counsel of the Receiving Party, as defined in Paragraph 3(a)-(c), witnesses (pursuant to the terms of Paragraph 8(a)-(b)); independent experts (pursuant to the terms of Paragraph 8(c)); employees of a party's insurer (pursuant to the terms of Paragraph 8(d)); and Court personnel and individuals covered by and pursuant to Paragraphs 8(e)-(i), on the same terms and conditions as set forth in Paragraph 8 hereof.

11.   Information designated "CONFIDENTIAL" may only be viewed by counsel of the Receiving Party, as defined in Paragraph 3(a)-(c), on the same terms and conditions as set forth in Paragraph 8 hereof; any witness while testifying under oath in this matter provided the witness is governed by the provisions of Paragraph 8(b)(1)-(4) hereof; independent experts (pursuant to the terms of Paragraph 8(c)); employees of a party's insurer (pursuant to the terms of Paragraph 8(d)); Court personnel and individuals covered by and pursuant to Paragraphs 8(e)-(i); and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has signed Exhibit A:

(a)   Executives who are required to participate in policy decisions with reference to this action;

(b)   Technical personnel of the Parties with whom Counsel for the Parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

(c)     Persons engaged by a Party's counsel to furnish litigation support services, such as, but not limited to, E-discovery vendors, technological support staff, graphic consultants, jury consultants, jury research participants, and office support staff, in this action, but not including the Party receiving the information, or any director, officer, agent or employee of the Party; and

(d)     Stenographic and clerical employees associated with the individuals identified above.

12.     Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" may be shown to any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, or a custodian or other person who otherwise possessed or knew the information. Nothing herein is intended to limit or govern the manner in which the Producing Party handles its own documents produced that are given a confidential designation hereunder, including without limitation to whom the documents may be shown.

13.     All information which has been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a Producing Party, and any and all reproductions of that information, must be retained in the custody of the counsel for the Receiving Party identified in Paragraph 3. All information which has been designated as "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" by a Producing Party, and any and all reproductions of that information, must be retained in the custody of the counsel for the Receiving Party identified in Paragraph 3(a). However, independent experts authorized to view information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation. Any transcripts containing confidential information

kept in a document management system must be password protected. To the extent possible, the Parties will request the court reporter provide a version of the transcript with all confidential information redacted to be approved by counsel making the designations.

14.    Any handwritten or typed notes made by counsel about the confidential information shall be treated as confidential information.

15.    At all times, the confidential information disclosed shall remain in possession of counsel permitted access to it in a secured environment within that counsel's office or home. No copy may be sent or taken off-site without the prior written consent of the designating counsel, except for use in preparing for or during depositions, cross-examinations, hearings, or on affidavits (or any other examination) or at Court or at a mediation in relation to this litigation.

16.    Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. If a Party wishes to file or lodge documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" under seal, the other Parties shall not unreasonably withhold agreement to such procedure. If an agreement is reached, the Parties shall submit to the Court a Joint Motion and Proposed Order for such filing or lodging under seal. If no such agreement is reached, then the proponent of lodging or filing under seal shall seek a sealing order from the Court consistent with the Local Rules of the United States District Court for the Southern District of California and the assigned judge's chambers rules. No party may file any document under seal, except pursuant to a court order that authorizes the filing of the document, or portion of the document, under seal. A sealing order will issue only upon a showing that the information is privileged or protectable under

the law. The party seeking to file under seal must limit its sealing request to the specific portion of the document that contains the confidential or privileged material.

17.    At any stage of these proceedings, any Party may object to a designation of materials that have been designated as confidential information. The Party objecting to confidentiality must notify, in writing, counsel for the Producing Party of the objected-to materials and the ground(s) for the objection. Thereafter, lead counsel (or attorneys with full authority to make decisions and bind the client without later seeking approval from a supervising attorney) must promptly meet and confer, pursuant to Local Rule 26.1.a. If the dispute is not resolved within seven (7) days of receipt of the objections, and after counsel have thoroughly and completely met and conferred, the Parties must place a joint call to the assigned magistrate judge's chambers to explain the dispute and the Parties' respective positions. The materials at issue must be treated as confidential, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

18.    All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action or as permitted by Court Order dated December 9, 2021 (Dkt. 373). Counsel for each Party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

19.    No Party will be responsible to another Party or subpoenaed non-party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

20.     If a Party or subpoenaed non-party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party or subpoenaed non-party may give written notice to the Receiving Party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The Receiving Party must treat the materials as confidential, once the designating party so notifies the Receiving Party. If the Receiving Party has disclosed the materials before receiving the designation, the Receiving Party must notify the designating party in writing of each such disclosure. Counsel for the Parties or subpoenaed non-parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" subject to the protective order.

21.     Nothing within this Order will prejudice the right of any Party or subpoenaed non-party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

22.     Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

23.     This Order will be without prejudice to the right of any Party or subpoenaed non-party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

24.     Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

25.     Within ninety (90) days following the final termination of this action, including any and all appeals, counsel for each party must return all confidential information to the Party or subpoenaed non-party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the Receiving Party, and must purge all such information from all machine-readable media on which it resides. Should counsel decide to destroy/delete rather than return any of the applicable confidential information, counsel shall provide the party that produced such information with written certification that the destruction/deletion of all confidential information has been completed. Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

26.     The restrictions and obligations set forth within this Order will not apply to any information that: (a) the Parties agree should not be designated confidential information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or will come into the Receiving Party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

27.     The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

28.     Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

29.     This Order may be modified by agreement of the Parties, subject to approval by the Court.

30.     The Court may modify the protective order in the interest of justice or for public policy reasons. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

31.     If another court or government agency subpoenas or orders production of material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY," that a Party has obtained under the terms of this Order, such Party shall, immediately or as soon as practicable, but in any event at least seven (7) days before such designated materials are required to be produced, notify the designating party of the pendency of the subpoena, public records request, or order, in writing, and unless compelled to do so by court order shall not produce the designated information until the designating party has either taken appropriate steps to protect the material, or notified the Party that no such steps will be taken. It shall be the responsibility of the designating party to obtain relief from the subpoena, public records request, or order prior to the date of compliance, and, to give the designating party an opportunity to obtain such relief, the Party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena, public records request, or other order.

32.     **Inadvertent Production of Privileged or Otherwise Protected Material**: When a Producing Party gives notice to Receiving Parties that certain

inadvertently or mistakenly produced information, document, or thing is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the Producing Party of any claims of privilege or work-product immunity or other applicable protections. However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**IT IS SO ORDERED**.

Dated:  December 23, 2021

Honorable Daniel E. Butcher
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the STIPULATED PROTECTIVE ORDER in this case signed by the Court, and I will comply with all provisions of the Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential Material (defined as material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL AND COURT APPROVED IN-HOUSE COUNSEL ONLY" or information derived from such materials) or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____     _____