UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>IQVIA INC., et al.,<br><br>Defendants. | Case No.: 19-cv-1865-GPC-DEB<br><br>**ORDER ON JOINT MOTIONS FOR DETERMINATION OF DISCOVERY DISPUTES AND GRANTING MOTIONS TO SEAL DOCUMENTS**<br><br>**[DKT. NOS. 343, 345, 363, 365, 367]** |

## I.   INTRODUCTION

Before the Court are two Joint Motions for Determination of Discovery Disputes. Dkt. Nos. 345, 367. At issue are Defendants' Requests for Production of Documents ("RFP") Nos. 73–98, 103, 119–124, 133–135, 142, and 145–227, Interrogatory Nos. 26–33, and Defendants' Notice of Inspection.[1] The first Motion concerns the relevance of MedblocX – one of Plaintiffs' pharmaceutical benefits management ("PBM") products (Dkt. No. 345), and the second concerns discovery into Plaintiffs' alleged misappropriation

---

[1] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

of Defendants' trade secrets, which Defendants claim is relevant to their unclean hands defense (Dkt. No. 367).

For the reasons set forth below, the Court DENIES both of Defendants' requests to compel.

## II.   PROCEDURAL HISTORY

On April 7, 2020, Plaintiffs filed their First Amended Complaint ("FAC") alleging ten causes of action for: (1) breach of fiduciary duty; (2) inducing breach of contract; (3) intentional interference with prospective economic advantage; (4) negligent interference with prospective economic advantage; (5) intentional interference with a contractual relationship; (6) unfair competition; (7) conspiracy; (8) misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"); (9) misappropriation of trade secrets under California Uniform Trade Secrets Act ("CUTSA"); and (10) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Dkt. No. 93. The following claims survived Defendants' June 8, 2020 Motions to Dismiss (Dkt. Nos. 106, 107): (1) breach of fiduciary duty; (7) conspiracy; (8) misappropriation of trade secrets under DTSA; (9) misappropriation of trade secrets under CUTSA; and (10) RICO (Dkt. No. 130).

On October 15, 2020, Defendants filed an Amended Answer asserting fifteen affirmative defenses including: "Plaintiffs' First Amended Complaint is barred, in whole or in part, by the doctrine of unclean hands.  Among other things, Plaintiffs' allegations in this case are inconsistent with their allegations in the prior arbitral proceeding." Dkt. No. 134 at 27.

On December 8, 2020, Plaintiffs served Defendants with their First Set of Interrogatories. Dkt. No. 348-2. Interrogatory No. 8 stated: "For each affirmative defense that You pled in Your Answer to Plaintiffs' First Amended Complaint, separately identify and describe in detail all facts and legal bases supporting such defense, including without limitation identification of all Persons with knowledge of such facts and legal bases, and a description of how You became aware of such Persons' knowledge." *Id.* at 11. On

March 1, 2021, Defendants responded in relevant part, "Defendants are withdrawing the Unclean Hands affirmative defense." Dkt. No. 367-11 at 4. On September 8, 2021, Defendants submitted a supplemental interrogatory response reasserting their unclean hands defense. Dkt. No. 367-12.

On September 1, 2021, Defendants filed a Motion for Leave to File a Second Amended Answer and Counterclaims against Plaintiff MedImpact U.S. and Dale Brown. Dkt. No. 305. Defendants sought leave to add counterclaims for: (1) misappropriation of trade secrets under DTSA; (2) misappropriation of trade secrets under CUTSA; (3) violations of RICO; (4) breach of fiduciary duty and duty of loyalty; and (5) conspiracy. Dkt. No. 305-3. Defendants' proposed counterclaims alleged MedImpact U.S. and Dale Brown targeted third party Dimensions Healthcare LLC (acquired by Defendants in August 2016) to steal, and then successfully stole, Defendants' trade secrets regarding drug-to-diagnosis indication and contraindication edits. *Id.* at 32. Defendants' Motion also sought to add the following language to their unclean hands affirmative defense: "Defendants additionally incorporate herein by reference all allegations set forth in IQVIA Inc.'s and IQVIA's AG's Counterclaims against MedImpact Healthcare Systems Inc. and Dale Brown." *Id.* at 30.

On November 16, 2021, the Court denied Defendants' Motion for Leave to File a Second Amended Answer and Counterclaims. Dkt. No. 360. The Court found Defendants' proposed amendments were not based on "new" facts, but instead asserted "additional facts supporting" claims Defendants had previously raised in an arbitration proceeding. *Id.* at 7–8. The Court, therefore, declined to permit Defendants to amend their Answer and Counterclaims. *Id.* Additionally, the Court ruled that Defendants' "affirmative defense of unclean hands remains" as originally alleged. *Id.* at 9–10.

On December 6, 2021, Defendants filed an Ex Parte Motion to Modify the Protective Order. Dkt. No. 371. The Ex Parte Motion sought leave to use discovery from this case in a new complaint "substantially similar" to the disallowed counterclaims. Dkt. No. 371-1.

On December 9, 2021, the Court granted in part Defendants' Ex Parte Motion. Dkt. No. 373.

On December 13, 2021, Defendants filed their new Complaint against MedImpact U.S. and Dale Brown for: (1) misappropriation of trade secrets under DTSA; (2) misappropriation of trade secrets under CUTSA; (3) RICO; (4) breach of fiduciary duty; and (5) conspiracy. *See IQVIA Inc. et al v. Medimpact Healthcare Systems, Inc. et al*, No. 21-cv-02081-GPC-DEB, Dkt. No. 1. Defendants allege that, beginning in 2011, MedImpact U.S. and Dale Brown "schemed to steal confidential and proprietary trade secrets from Dimensions," specifically Defendants' "drug-to-diagnosis indication and contraindication edits." *Id.* at 2–5. The discovery Defendants seek here relates to these same claims in Defendants' new Complaint.

## III.  DISCOVERY AT ISSUE

Defendants move to compel discovery on Plaintiffs' MedblocX (RFP Nos. 73–98, 103, 119–124, 133–135, 142) arguing it is relevant to both Plaintiffs' claims and Defendants' unclean hands defense. Dkt. No. 345 at 4–5. Defendants also request responses to 89 additional discovery requests (RFP Nos. 145–227 and Interrogatory Nos. 26–33) and a notice of inspection pertaining to Defendants' claim that Plaintiffs misappropriated Defendants' trade secrets. *See* Dkt. Nos. 367-2–367-4. Defendants contend these discovery requests are relevant to Defendants' unclean hands defense. Dkt. No. 367 at 4–5.

## IV.  LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery . . . ." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b). Even after the 2015 amendments to Rule 26, "discovery relevance remains a broad concept." *Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, No. 14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016); *see also Odyssey Wireless, Inc. v. Samsung Elecs. Co., Ltd*, No.

15-cv-01735-H-RBB, 2016 WL 7665898, at *2 (S.D. Cal. Sept. 20, 2016) ("Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that may be in the case.") (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–51 (1978)).

The party seeking to compel discovery has the burden of establishing its request satisfies the relevancy requirements of Rule 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. July 17, 1995). "Once the propounding party establishes that the request seeks relevant and proportional information, '[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *Cancino Castellar v. McAleenan*, No. 17-cv-491-BAS-AHG, 2020 WL 1332485, at *4 (S.D. Cal. Mar. 23, 2020) (quoting *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009)).

## V.   DISCUSSION

Defendants argue MedblocX is relevant for four reasons: (1) it is "a MedImpact PBM product, and . . . incorporates [Plaintiffs'] alleged Trade Secrets" (Dkt. No. 345 at 3; *see also id.* at 5 (arguing MedblocX is relevant to show Plaintiffs' "development of the purported Trade Secrets" and "that Defendants' implementation is different from that of Plaintiffs' and is not predicated upon Plaintiffs' alleged Trade Secrets.")); (2) it is "one of the PBM platforms that the Joint Venture offered to customers during the time frame at issue" (*id.* at 4); (3) Plaintiffs' customers were not "diverted" from Plaintiffs, but instead "chose not to work with [Plaintiffs] as a result of [Plaintiffs'] archaic PBM technology (including MedblocX)" (*id.* at 4); and (4) it "is directly relevant to Defendants' unclean hands affirmative defense," which "is based, in part, on [Plaintiffs'] misappropriation of Defendants' highly valuable and proprietary drug-to-diagnosis indication edits" (*id.* at 5–6).

Plaintiffs respond MedblocX is not relevant to any claims, defenses, or damages in this case. *Id.* at 7. Plaintiffs claim "[w]ith respect to liability, . . . Defendants never had access to any part of MedblocX," so it is not relevant to Plaintiffs' claims. *Id.* (emphasis

omitted). Plaintiffs further assert they have "expressly disavowed any damages claim related to MedblocX." *Id*. Finally, Plaintiffs argue Defendants' unclean hands defense is improperly characterized as an affirmative defense when it is instead a counterclaim. *Id.* at 10.

### A. Relevance to Plaintiffs' FAC

Plaintiffs' FAC does not implicate MedblocX, which is neither named nor referenced in the FAC. Instead, the FAC alleges Defendants misappropriated trade secrets from Plaintiffs' MedAccess platform. Dkt. No. 93 at 37. Plaintiffs have also committed to not seeking any damages based on MedblocX. Dkt. No. 345-10 at 2–3. Plaintiffs also assert they have not yet released MedblocX. Dkt. No. 341-11 at 2. Although Defendants argue discovery into MedblocX may show Plaintiffs' PBM products are outdated, that claim is too attenuated and speculative to support the extensive discovery Defendants seek. *See, e.g., In re Apple iPhone Antitrust Litig.*, No. 11-cv-06714-YGR-TSH, 2021 WL 75741, at *2 (N.D. Cal. Jan. 8, 2021) (denying motion to compel discovery in part because moving party's "theory of relevance" was "attenuated" to the "the injuries . . . or competition that are the basis for the . . . Plaintiffs' case.").

### B. Relevance to Defendants' Unclean Hands Defense

Defendants also argue MedblocX and their additional discovery requests into Plaintiffs' alleged theft of Defendants' trade secrets are relevant to Defendants' unclean hands defense.

Defendants' unclean hands defense states: "Plaintiffs' First Amended Complaint is barred, in whole or in part, by the doctrine of unclean hands. Among other things, Plaintiffs' allegations in this case are inconsistent with their allegations in the prior arbitral proceeding." Dkt. No. 134 at 27. Defendants explain one theory of their unclean hands defense is Plaintiffs "instructed a vendor to upload Defendant's proprietary indication and contraindication edits into a MedImpact PBM platform, which Defendants believe to be MedBlocX." Dkt. No. 345 at 6 (emphasis omitted). Defendants argue this is a viable unclean hands theory "because the parties each allege theft of trade secrets through the

same Joint Venture." Dkt. No. 367 at 6 (citing *Unilogic, Inc. v. Burroughs Corp.*, 10 Cal. App. 4th 612, 621 (1992)).[2]

Plaintiffs respond that the discovery Defendants seek is not relevant to an unclean hands defense. Dkt. Nos. 367 at 8; 345 at 7. Plaintiffs contend "an unclean hands *defense* must be related to a *claim* in this case," and Defendants' alleged misappropriated trade secrets are not related to any claim in Plaintiffs' FAC. Dkt. No. 367 at 8, 10. The Court agrees.

The defense of "unclean hands is narrowly focused," *Monster Energy Co. v. Vital Pharm., Inc.*, No. 18-cv-01882-JGB-SHK-X, 2019 WL 8112506, at *8 (C.D. Cal. Oct. 16, 2019) and a defendant must demonstrate "'the conduct relates to the subject matter of its claims,' for 'equity requires that those seeking its protection shall have acted fairly and without fraud or deceit **as to the controversy at issue**.'" *Pom Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085, 1095 (C.D. Cal. Feb. 19, 2016) (quoting *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987)).

The discovery Defendants seek here, however, concerns Defendants' allegation that Plaintiffs' misappropriated Defendants' trade secrets regarding drug-to-diagnosis indication and contraindication edits. This discovery does not arise out of the claims raised in Plaintiffs' FAC: "[b]eginning in late 2015, Defendants . . . embarked on a scheme . . . to acquire Dimensions . . . and gain access to [Plaintiffs' trade secrets] that could be sold to pharmaceutical companies." Dkt. No. 93 at 2–3. Defendants' argument that Plaintiffs separately stole Defendants' trade secrets during the course of the joint venture raises new and distinct claims that are now at issue in Defendants' new Complaint in *IQVIA Inc. et al v. Medimpact Healthcare Systems, Inc. et al*, No. 21-cv-02081-GPC-DEB. The Court,

---

[2] The Court finds *Unilogic* distinguishable on its facts. There, the California Court of Appeal held the defense of unclean hands was available where the plaintiff paid a bribe, failed to disclose its financial difficulties to the defendant with whom the plaintiff planned to participate in a joint project, and failed to return property to the defendant after the joint project ended. *Id.*

7

therefore, sustains Plaintiffs' relevance objection. *See Strategic Partners, Inc. v. FIGS, Inc.*, No. 19-cv-2286-GW-KSx, 2020 WL 4354172, *8 (C.D. Cal. May 18, 2020) ("An unclean hands defense, therefore, would allow for discovery *as to the controversy at issue*, which here, only concerns [defendant's] representations and advertising about its . . . products, not [plaintiff's] products or advertising."); *Winiadaewoo Elecs. Am., Inc. v. Opta Corp.*, 13-cv-01247-VC-MEJ, 2018 U.S. Dist. LEXIS 121121, *5–6 (N.D. Cal. July 19, 2018) ("Defendant argues that the interrogatory is relevant to its unclean hands defense; however, in order for the interrogatory to be relevant to Defendant's unclean hands defense, 'the misconduct that brings the [un]clean hands doctrine into play must relate *directly* to the cause at issue. Past improper conduct or prior misconduct that only indirectly affects the problem before the court does not suffice.'") (quoting *Kendall-Jackson Winery, Ltd. v. Superior Court*, 90 Cal. Rptr. 2d 743 (1999)); *Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 953 (C.D. Cal. 1996) (denying motion for leave to file amended unclean hands defense because (1) "Plaintiff's alleged misconduct has no direct relationship to the [infringed] Patent or Plaintiff's conduct in obtaining the patent-in-suit;" and (2) "Defendants' [unclean hands] theory makes little sense and is not grounded in law. In essence, Defendants have trespassed upon Plaintiff's property. For this, Plaintiff can sue for damages or an accounting. Conversely, if Plaintiff has trespassed upon Defendants' property, Defendants can sue Plaintiff for damages or an accounting. One trespass does not cancel the other. Both trespasses can be remedied.").

## VI.  MOTIONS TO SEAL

Defendants filed a motion to seal in connection with the MedblocX discovery dispute, and each party filed a motion to seal documents in connection with the unclean hands discovery dispute. Dkt. No. 343, 363, 365. These motions to seal are unopposed. The parties filed redacted pleadings that omit the information in question. Dkt. Nos. 345, 367. Good cause appearing, the Court GRANTS the Motions to Seal and directs the Clerk of Court to file the documents lodged at Dkt. Nos. 344, 364, and 366 under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A]

particularized showing under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions.") (internal quotations, citations, and edits omitted).

## VII. CONCLUSION

Based on the foregoing, Defendants' requests to compel further discovery are DENIED. Dkt. Nos. 345, 367. The Clerk of Court is directed to file the documents lodged at Dkt. Nos. 344, 364, and 366 **UNDER SEAL**.

**IT IS SO ORDERED**.

Dated: January 13, 2022

Honorable Daniel E. Butcher
United States Magistrate Judge