UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>IQVIA INC., et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 19-cv-1865-GPC-DEB<br><br>**ORDER:**<br>　**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL; AND**<br>　**(2) GRANTING DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**[DKT. NOS. 531, 533]** |

## I.    INTRODUCTION

Before the Court is Defendants' Motion to Compel Rule 30(b)(6) Discovery. Dkt. No. 533. The Motion seeks to compel: (1) deposition testimony on Topic 4 of Defendants' Rule 30(b)(6) notice dated March 15, 2022 (relating to Plaintiffs' policies and practices for retention of electronically stored information ("ESI")); and (2) Plaintiffs' unredacted litigation holds. Defendants contend changed circumstances have placed Plaintiffs' ESI retention policies and practices into question. Plaintiffs' respond that these disputes are untimely, there is no good cause to reopen discovery, and their litigation holds are privileged. Dkt. No. 546. For the reasons discussed below, the Court grants, in part,

Defendants' Motion regarding Topic 4 and denies Defendants' Motion to compel production of Plaintiffs' unredacted litigation holds.

## II.   RELEVANT FACTUAL BACKGROUND

Fact discovery in this case closed on October 8, 2021, and expert discovery closed on January 21, 2022. Dkt. No. 255. During discovery, Defendants received inconsistent and/or uncertain information about Plaintiffs' ESI retention policy and litigation holds.

Plaintiffs' CFO, James Gollaher, and Plaintiffs' in-house counsel, Aaron Roberts, testified about Plaintiffs' ESI policies and procedures. Gollaher testified Plaintiffs ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and Roberts testified there may be a "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Plaintiffs' employees "▮▮▮▮▮▮▮▮▮▮▮▮" Dkt. Nos. 532-4 at 6; 532-5 at 5 (sealed).[1]  Dale Brown, Plaintiffs' designated Rule 30(b)(6) witness on Plaintiffs' "document retention policies, procedures, and practices" (Dkt. Nos. 546-2 at 13; 546-3 at 13; 546-4 at 13"), testified, however, that "MedImpact has preserved all e-mails of the company . . . ." Dkt. No. 546-5 at 7. But Brown did not know whether Plaintiffs' ESI preservation policies were documented or how long they have been in place. Dkt. No. 532-3 at 8–9 (sealed).

Brown also testified that Plaintiffs did not issue a litigation hold in this case. *Id.* at 4–5 (sealed). On March 3, 2022 (after fact discovery closed), however, Brown submitted a declaration correcting this testimony and stating Plaintiffs had, in fact, issued a litigation hold. *See* Dkt. No. 532-6 ¶ 4 (sealed) ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ . . . ."). In that same declaration, Brown also stated: (1) Plaintiffs' preservation practice is to "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"; and (2) Plaintiffs' "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." *Id.* ¶¶ 8, 10 (sealed).

---

[1] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

Separately, Defendants identified and requested that Plaintiffs produce emails missing from Plaintiffs' responses to Defendants' Requests for Production of Documents. Dkt. No. 532-7 (sealed). On January 27, 2022 (also after fact discovery closed), Plaintiffs responded six of the ▮▮▮▮▮▮▮▮▮▮ *Id.* at 3–4 (sealed).

Following Brown's March 3, 2022 declaration, Defendants' served a Rule 30(b)(6) notice on Plaintiffs seeking testimony on four topics:

1. The March 3, 2022 Declaration of Dale Brown Regarding Litigation Hold Memo and Instructions.

2. The litigation hold issued in connection with the above captioned case, and the circumstances surrounding its issuance, including, without limitation, to whom it was issued and when, how it was issued, and why it was issued to each recipient at the time that it was.

3. The litigation hold issued in connection with MedImpact International LLC, et al. v. Dimensions Healthcare LLC, et al., DIFC-LCIA Arbitration No: DC18141, and the circumstances surrounding its issuance and duration, including, without limitation, to whom it was issued and when, how it was issued, why it was issued to each recipient at the time that it was, and how long it remained in effect.

4. MedImpact's retention and preservation of electronic data, including how and where MedImpact retains and preserves electronic data; the sources of electronic data from which MedImpact searched and collected documents in connection with the above captioned case; the ability of MedImpact employees to delete, modify or remove electronic data; and any restrictions implemented by MedImpact or imposed upon MedImpact employees to restrict their ability to delete, modify or remove electronic data.

Dkt. No. 533-3 at 4–5.

//
//

The deposition notice also included two document requests:

1. The litigation hold issued in connection with the above captioned case.

2. The litigation hold issued in connection with *MedImpact International LLC, et al. v. Dimensions Healthcare LLC, et al.*, DIFC-LCIA Arbitration No: DC18141.

*Id.* at 5.

The Court held a discovery conference after Plaintiffs objected to Defendants' discovery requests. Dkt. No. 501. Following the discovery conference, Plaintiffs agreed to produce a witness on Topics 1, 2, and 3. But, Plaintiffs refused to produce a witness on Topic 4. Plaintiffs also refused to produce unredacted copies of their litigation holds, asserting they are protected by the attorney-client privilege and are work product. This Motion followed.

### III. DISCUSSION

For the reasons discussed below, the Court finds good cause for Defendants to take limited deposition testimony on Topic 4. The Court also finds Defendants have not made a sufficient showing to overcome Plaintiffs' attorney-client privilege for the redacted litigation holds.

### A. Topic 4

Defendants seek testimony on Topic 4 to further explore Plaintiffs' ESI policies and procedures. Dkt. No. 533-1 at 10. This testimony is appropriate given the uncertainties surrounding: (1) whether Plaintiffs initiated a litigation hold in this case; and (2) Plaintiffs' ESI retention policy and procedures. Brown originally testified Plaintiffs did not issue a litigation hold in this case. Dkt. No. 532-2 at 4 (sealed). On March 3, 2022, however, Brown signed a declaration stating, although he "[REDACTED]." Dkt. No. 532-6 ¶¶ 3, 4 (sealed).

Plaintiffs filed this case in September 2019 – more than one year before it issued the litigation hold described by Brown. Dkt. No. 1. This one-year delay raises a legitimate question whether anything was lost, discarded, or destroyed in the interim. That question, in turn, implicates Plaintiffs' claim that they permanently preserve all electronic data. Dkt. No. 546 at 11.

Defendants also establish some uncertainty exists on Plaintiffs' preservation of electronic data. Although Brown maintained "███████████████████ ███████," Dkt. No. 532-6 ¶ 10 (sealed), other witnesses have not testified as definitively. For example, although not Rule 30(b)(6) witnesses, Plaintiffs' CFO Gollaher testified MedImpact has a "████████████████████████████████," Dkt. No. 532-5 at 5 (sealed) (emphasis added). Plaintiffs' in-house counsel Roberts testified he believes there is "████████████████████████" Plaintiffs' employees "███████████ █████████████". Dkt. No. 532-4 at 6 (sealed). And Brown himself originally testified he did not know when this no-destruction policy started. Dkt. No. 532 at 8–9 (sealed).

Plaintiffs' January 27, 2022 response that six emails specifically requested by Defendants ████████████████████████████████████████ Dkt. No. 532-7 at 3–4 (sealed), gives Defendants further cause to inquire into Plaintiffs' ESI retention policies and procedures.[2]

For these reasons, the Court rules Defendants' Topic 4 is a relevant and appropriate topic for supplemental discovery. *See Brewer v. BNSF Ry. Co.*, No. 14-cv-00065-GF-BMM-JTJ, 2018 WL 882812, at *2 (D. Mont. Feb. 14, 2018) ("A party should not be required to provide discovery about its e-discovery without good cause. . . . A party seeking discovery on discovery must show a specific deficiency in the other party's production.")

---

[2] The Court is making no finding that Plaintiffs lost or destroyed any relevant discovery. The Court also understands Gollaher's and Roberts' testimony and the unavailability of the six emails do not establish that Plaintiffs' do not permanently preserve all electronic data. Exploring the uncertainty created by this testimony and missing emails, however, is the purpose of Defendants' Topic 4.

(parenthetical and citations omitted). Further, because two of the significant events implicating Topic 4 (i.e., MedImpact's January 27, 2022 response and Brown's March 3, 2022 declaration) occurred after the fact discovery cut-off, the Court finds Defendants' have demonstrated good cause to reopen discovery for the limited purpose of taking this deposition.

The Court, however, finds "the sources of electronic data from which MedImpact searched and collected documents in connection with the above captioned case" too broad and too attenuated from the narrower issues raised by Plaintiffs' discovery responses discussed above. Accordingly, the Court limits Topic 4 as follows:

> MedImpact's retention and preservation of electronic data, including how MedImpact retains and preserves electronic data; the ability of MedImpact employees to delete, modify or remove electronic data; and any restrictions implemented by MedImpact or imposed upon MedImpact employees to restrict their ability to delete, modify or remove electronic data.

**B. Litigation Holds**

The parties do not dispute that litigation holds are generally protected from discovery. *See* Dkt. Nos. 533-1 at 11; 546 at 12–13. Defendants, however, contend the late distribution of Plaintiffs' litigation hold and the uncertainty over Plaintiffs' ESI retention waives this protection. Dkt. No. 533-1 at 12–13.

Litigation holds, "if prepared by counsel and directed to the client, are protected by the attorney-client privilege." *Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST-SK, 2018 WL 833085, at *4 (N.D. Cal. Feb. 7, 2018). In certain cases, courts have held a "preliminary showing of spoliation" can overcome the privilege attached to litigation holds. *See, e.g.*, *City of Colton v. Am. Promotional Events, Inc.*, No. 09-cv-1864-PSG-SSx, 2011 WL 13223880, at *2 (C.D. Cal. Nov. 22, 2011) ("Even if particular litigation hold communications are privileged, the court has an inherent power to order their production in connection with a spoliation claim.").

|   |   |
|---|---|
| 1 | Defendants have not made a preliminary showing of spoilation here. Although |
| 2 | Plaintiffs concede six emails are not contained in their database, there are possible benign |
| 3 | explanations for this, and the content of these emails are contained within larger email |
| 4 | chains already in Defendants' possession. Dkt. No. 532-7 at 3 (sealed).  In addition, the |
| 5 | contents of the litigation holds will shed no light on the timing of the holds themselves or |
| 6 | on the separate and larger issues surrounding Plaintiffs' ESI retention policies and |
| 7 | practices. The Court, therefore, denies Defendants' Motion to compel Plaintiffs' |
| 8 | unredacted litigation holds. |

### IV.     MOTION TO SEAL

Defendants filed a Motion to File Under Seal. Dkt. No. 531. Defendants request the Court seal the documents lodged at Dkt. No. 532 (Motion to Compel Rule 30(b)(6) Discovery and exhibits provided in support of the Motion) because they "include[ ] a declaration, portions of deposition transcripts, and a letter involving sensitive technical and business information." Dkt. No. 531 at 3. Defendants filed a redacted pleading that omits the information in question. Dkt. No. 533. Good cause appearing, the Court GRANTS the Motion to File Under Seal and directs the Clerk of Court to file the documents lodged at Dkt. No. 532 under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] particularized showing under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.") (internal quotations, citations, and edits omitted).

//
//
//
//
//
//
//
//

## V.     CONCLUSION

Based on the foregoing, Defendants' Motion to Compel is granted in part and denied in part as follows: (1) Plaintiffs must produce a witness(es) to testify for a further Rule 30(b)(6) deposition on Defendants' noticed deposition Topic 4 in accordance with the limitations described herein; (2) the deposition must take place on or before **June 15, 2022**; and (3) Defendants' request for Plaintiffs' unredacted litigation holds is denied. The Clerk must file documents lodged at Dkt. No. 532 UNDER SEAL.

**IT IS SO ORDERED**.

Dated:  May 26, 2022

[signature]

Honorable Daniel E. Butcher
United States Magistrate Judge