UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>IQVIA INC., et al.,<br><br>Defendants. | Case No.:  19-cv-1865-GPC-DEB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR EQUAL ACCESS TO EVIDENCE THROUGH TRIAL AND GRANTING MOTIONS TO SEAL**<br><br>**[DKT. NOS. 553, 555, 558]** |

## I.  INTRODUCTION

Before the Court is Plaintiffs' Motion for Equal Access to Evidence Through Trial. Dkt. No. 555. Plaintiffs seek access to Defendants' previously inspected source code and platforms prior to and during trial. *Id*. at 2. Defendants contend Plaintiffs' request is unnecessary and unduly prejudicial, and there is no good cause to reopen discovery. Dkt. No. 560 at 10–11. For the reasons discussed below, the Court grants in part and denies in part Plaintiffs' Motion.

## II.  RELEVANT FACTS

The Court entered a Protective Order governing the production of source code in this case. Dkt. No. 179.

1　　　　On December 10, 2021, Defendants served the report of their technical expert,
2　Barbara Frederiksen. Dkt. No. 560 at 5. Frederiksen's report claims ▮▮▮▮▮▮▮▮▮▮
3　▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Fast Health Interoperability Resources ("FHIR") standards.
4　Dkt. No. 554-2 at 6–8 (sealed).[1] Frederiksen opined ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5　▮▮▮ these standards; thus, Plaintiffs' trade secrets are not protectable. *Id.* (sealed).

6　　　　Plaintiffs' expert Ron Schnell inspected "the full source code repository for
7　[Defendants' product] AIMS" on several occasions before Frederiksen issued her report.
8　*See* Dkt. No. 555-2 at 2. Schnell does not recall finding FHIR during those inspections. *Id.*
9　at 3. In accordance with the Protective Order, Plaintiffs printed 1,048 pages of Defendants'
10　source code. Dkt. No. 560 at 5. Plaintiffs' last inspection occurred on January 7, 2022. *Id.*
11　Defendants last accessed their source code on January 22, 2022. Dkt. No. 560-1 at 3.

12　　　　On February 11, 2022, Plaintiffs deposed Frederiksen. Frederiksen testified she saw
13　references to the FHIR standard in Defendants' AIMS source code. Dkt. No. 554-1 at 5–6
14　(sealed).[2]

15　　　　Following Frederiksen's deposition, Schnell reviewed his printouts of the AIMS
16　source code and found no references to FHIR. Dkt. No. 555-2 at 3. But Schnell needs "to
17　inspect the full source code repository for AIMS again to confirm whether [Frederiksen's]
18　testimony is accurate." *Id.*

19　　　　All discovery deadlines have passed, and a Final Pretrial Conference is set for
20　July 15, 2022. *See* Dkt. Nos. 255, 567.

21　　　　Through this Motion, Plaintiffs seek access to Defendants' source code "leading up
22　to and through trial." Dkt. No. 555-1 at 4. Defendant opposes the request, asserting "[t]he

---

[1] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

[2] Although not expressly represented, the Court infers Plaintiffs' claim is that this information was not included in Frederiksen's report.

time for additional inspections is over," and any additional inspections would be unduly prejudicial to Defendants. Dkt. No. 560 at 4.

### III. LEGAL STANDARD

As a threshold issue, the Court addresses Plaintiffs' argument that discovery rules, deadlines, and standards do not apply here because their "motion involves source code and platforms that have already been produced." Dkt. No. 555-1 at 11. Defendants argue Plaintiffs' Motion seeks "to reopen fact discovery to allow additional inspections of Defendants' source code." Dkt. No. 560 at 10.

Consistent with other district courts and Federal Rule of Civil Procedure 34, the Court applies the standards for reopening discovery to Plaintiffs' Motion. *See, e.g.*, *Manclark v. Oceans Marine Elecs., Inc.*, No. 19-cv-00218-MCS-JDEx, 2020 WL 7265412, at *3 (C.D. Cal. Oct. 16, 2020) (evaluating defendant's second inspection requests under the same standards as an initial inspection request); *Finjan, LLC v. Qualys Inc.*, No. 18-cv-07229-YGR-TSH, 2020 WL 6581836, at *4 (N.D. Cal. Nov. 10, 2020) ("Inspection and evidence gathering are fact discovery."); *cf. Schwab v. Wyndham Int'l, Inc.*, 225 F.R.D. 538, 539 (N.D. Tex. 2005) (A Rule 34 request for "unrestricted access" to a party's "corporate headquarters" is "overly broad on its face.").

Whether to reopen discovery is within the "sound discretion" of the trial court. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006). A motion to reopen discovery requires a showing of good cause. *See, e.g.*, *Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) (applying "good cause" requirement to motions to reopen discovery); *see also* Dkt. No. 139 at 6 (stating the dates set forth in the Scheduling Order Regulating Discovery and Other Pretrial Proceedings "will not be modified except for good cause shown"). The "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

//
//

## IV. DISCUSSION

Plaintiffs argue continued access to Defendants' source code before and during trial is necessary to "test the veracity of . . . Frederiksen's testimony." Dkt. No. 555-1 at 7. Defendants contend Plaintiffs "had more than ample opportunity to inspect the previously produced source code," and, thus, cannot establish good cause to "allow additional inspections." Dkt. No. 560 at 10. Defendants also contend additional inspections would "cause extraordinary prejudice" – requiring new expert opinions, depositions, and delays. *Id.* at 11–13.

For the reasons discussed below, the Court finds good cause for an additional inspection of Defendants' source code for the limited purpose of exploring Frederiksen's deposition testimony regarding FHIR in Defendants' AIMS source code.

### A. Pre-Trial Source Code Access

Plaintiffs' Motion establishes good cause to reopen discovery for the limited purpose of evaluating Frederiksen's deposition testimony. Plaintiffs inspected Defendants' source code early in discovery. The last inspection occurred on January 7, 2022, prior to Frederiksen's February 11, 2022 deposition. *See* Dkt. No. 555-4 at 2. Plaintiffs assert Frederiksen expressed an opinion during her deposition that was not contained in her report; specifically, that FHIR appears in Defendants' source code. Dkt. No. 555-1 at 7. Plaintiffs, therefore, seek access to Defendants' source code to verify Frederiksen's testimony.

Under these circumstances, the Court finds good cause to reopen discovery for the limited purpose of allowing Plaintiffs to inspect Defendants' source code to determine if it contains FHIR. The limited access for a specific purpose authorized by this Order allays Defendants' concerns of delay and prejudice. *See* Dkt. No. 560 at 12. This Order only allows Plaintiffs to re-inspect Defendants' source code to evaluate Frederiksen's deposition testimony; it does not authorize Plaintiffs to offer new expert opinions or conduct additional depositions.

//

### B. Access to Source Code at Trial

Plaintiffs also argue "the parties may need access to both the source code and the product platforms during trial" because the parties may seek to create demonstrative exhibits using the source code printouts and rebut fact witness testimony. Dkt. No. 555-1 at 9. But Plaintiffs printed relevant excerpts of Defendants' source code during their inspections, presumably in preparation for trial. Dkt. No. 560 at 5.[3] Plaintiffs have not adequately demonstrated greater access is necessary. If, during trial, a need to reinspect arises, Plaintiffs may renew their request with the district judge.

### V.   MOTIONS TO SEAL

Each party filed a motion to seal documents. Dkt. Nos. 553, 558. Plaintiffs request the Court seal the documents lodged at Dkt. No. 554 (certain exhibits in support of their Motion) because they compromise their trade secrets. Dkt. No. 553 at 3. Defendants request the Court seal documents lodged at Dkt. No. 559 (Defendants' Opposition, certain exhibits provided in support of the Opposition) because these documents implicate "sensitive technical and business information" including Plaintiffs' expert report and deposition testimony. Dkt. No. 558 at 3. Defendants filed a redacted pleading that omits the information in question. Good cause appearing, the Court GRANTS the Motions to File Under Seal and directs the Clerk of Court to file the documents lodged at Dkt. Nos. 554 and 559 under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] particularized showing under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.") (internal quotations, citations, and edits omitted).

### VI.   CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Equal Access to Evidence Through Trial (Dkt. No. 555) is granted in part and denied in part as follows:

---

[3] Additionally, because Defendants agree not to access their own source code during trial, Dkt. No. 560 at 9, there is no disparity of access.

5

1. On or before **July 14, 2022**, Plaintiffs' experts may inspect Defendants' AIMS source code in accordance with the applicable protections described in section 9 of the Protective Order (Dkt. No. 179) for the limited purpose of determining whether Defendants' source code contains FHIR;

2. Plaintiffs may not use this inspection to offer new or supplemental expert opinions; and

3. Following this inspection, neither party may access Defendants' source code in connection with this litigation absent further Court order.

The Clerk of Court must file the documents lodged at Dkt. Nos. 554 and 559 UNDER SEAL.

**IT IS SO ORDERED**.

Dated:  June 28, 2022

Honorable Daniel E. Butcher
United States Magistrate Judge