UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., a California corporation, MEDIMPACT INTERNATINAL LLC, a California limited liability company, MEDIMPACT INTERNATIONAL HONG KONG LTD., a Hong Kong company,<br><br>Plaintiff,<br><br>v.<br><br>IQVIA HOLDINGS INC., a Delaware corporation, IQVIA INC., a Connecticut corporation, IQVIA AG, a Swiss company, OMAR GHOSHEH, individually, and AMIT SADANA, individually,<br><br>Defendant. | Case No.: 19cv1865-GPC(DEB)<br><br>**ORDER DENYING DEFENDANT'S EX PARTE MOTION FOR LEAVE TO FILE A SUR-REPLY**<br><br>[REDACTED - ORIGINAL **[FILED UNDER SEAL]**<br><br>[Dkt. No. 577.] |

Defendants filed an ex parte motion for leave to file a sur-reply and supplemental evidence in opposition to Plaintiffs' motion to exclude the expert opinions of Ms. Barbara Frederiksen-Cross. (Dkt. No. 577.) Defendants seek to file a sur-reply along with Ms. Frederiksen-Cross' supplemental expert report concerning her recent examination of the

1  EMS source code which was only recently completed and made available on ▇▇▇
2  ▇▇▇. (Dkt. No. 577 at 3[1].) Once she reviewed the EMS source code, she promptly
3  prepared a supplemental report dated June 29, 2022 disclosing her opinions and
4  conclusions. *(Id.)* Since the latest EMS source code was not available during briefing on
5  Plaintiffs' motion, Defendants seek leave to file a sur-reply. *(Id.)*

6  Plaintiff oppose arguing that Defendants have failed to identify any new materials
7  in the reply to warrant a sur-reply, are seeking to manufacture evidence long after
8  discovery has closed, are in violation of Federal Rule of Civil Procedure 37 for filing a
9  late supplemental expert report, have violated the Magistrate Judge Butcher's order of
10 June 28, 2022, and are engaged in continued practice of burdening the Court with
11 frivolous filings. (Dkt. No. 581.) They also seek attorneys' fees incurred in opposing
12 this motion as sanctions for violation of Magistrate Judge Butcher's order of June 28,
13 2022. (Dkt. No. 571.)

14 Generally, a sur-reply allows the non-moving party to address any new arguments
15 or evidence raised for the first time in a reply brief. *See Dutta v. State Farm Mut. Auto.*
16 *Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir 2018) (citing *Provenz v. Miller*, 102 F.3d 1478,
17 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for
18 summary judgment, the district court should not consider the new evidence without
19 giving the [non-]movant an opportunity to respond.") (alteration in original) (citation
20 omitted); *SEC v. Sabrdaran,* 252 F.Supp.3d 866, 889 (N.D. Cal. 2017) (overruling
21 objection to new evidence submitted in reply papers where the court provided the
22 opposing party with "an opportunity to file a supplemental submission responding" to the
23 new evidence)); *see also Bowell v. Montoya*, 1:17-cv-00605-LJO-GSA-PC, 2019 WL
24 1469486, at *1 (E.D. Cal. Apr. 3, 2019) (district courts typically allow sur-replies only
25 "where a valid reason for briefing exists, such as where the movant raises new arguments

---

[1] Page numbers are based on the CM/ECF pagination.

in its reply brief"). A district court has discretion whether to grant or deny a request for leave to file a sur-reply. *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) (citations omitted). "Some courts have granted leave to file a sur-reply in order to consider evidence or arguments that give a more complete picture of the issues in need of resolution." *Tounget v. Valley-Wide Recreation and Park Dist*., Case No. EDCV 16-88 JGB (KKx), 2020 WL 8410456, at *2 (C.D. Cal. Feb. 20, 2020) (citations omitted).

Here, Plaintiffs' motion to exclude the expert opinion of Ms. Frederiksen-Cross was fully briefed on April 22, 2022. At the hearing on June 17, 2022, the Court stated it would be deciding the motion on the papers and without oral argument. (Dkt. No. 568 at 3:7-10.) On June 30, 2022, Defendants filed the ex parte motion for leave to file a sur-reply. There are several underlying discovery issues raised by Plaintiffs that have not been sufficiently addressed and should have been raised with the Magistrate Judge. Magistrate Judge Butcher has been intimately involved in a number of discovery issues raised by the parties, including a recent order granting in part and denying in part Plaintiffs' motion for equal access to Defendants' previously inspected source code and platforms prior to and during trial that may bear on or be relevant in resolving Defendants' ex parte motion. (Dkt. No. 571.) Plaintiffs also indicated that they intend file a motion to strike Ms. Fredericksen-Cross' supplemental expert report with the Magistrate Judge. (Dkt. No. at 581 at 15 n. 7.) Because Magistrate Judge Butcher is most familiar with the discovery issues in this case, and resolution of the discovery issue is necessary for the Court to rule on Defendants' ex part motion, the Court DENIES Defendants' motion for leave to file a sur-reply without prejudice.

IT IS SO ORDERED.

Dated: July 13, 2022

Hon. Gonzalo P. Curiel
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28