UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>IQVIA INC., et al.,<br><br>Defendants. | Case No.: 19-cv-1865-GPC (DEB)<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANTS' MOTION FOR LEAVE TO SERVE THE SUPPLEMENTAL EXPERT REPORT OF BARBARA FREDERIKSEN-CROSS; AND**<br><br>**(2) GRANTING THE PARTIES' MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>**[DKT. NOS. 596, 597, 598, 601]** |

I.  **INTRODUCTION**

Before the Court is Defendants' Motion for Leave to Serve the Supplemental Expert Report of Barbara Frederiksen-Cross ("Motion"). Dkt. Nos. 597, 598. Plaintiffs oppose the

Motion. Dkt. Nos. 602, 603. For the foregoing reasons, the Court **DENIES** Defendants' Motion.[1]

## II. BACKGROUND

### A. Factual Background

Plaintiffs' First Amended Complaint alleges Defendants misappropriated Plaintiffs' trade secrets to develop and offer pharmacy benefits management ("PBM") services. Dkt. No. 93 at 61.[2] Two of Defendants' products are relevant to this Motion: (1) "AIMS"; and (2) "EMS". The Court previously ruled Defendants are precluded from re-litigating an Arbitrator's decision that AIMS misappropriated Plaintiffs' trade secrets. Dkt. No. 432 at 25. At issue in this case is whether EMS (one of Defendants' post-Arbitration products) is "essentially the same as AIMS with only colorable differences." Dkt. No. 627 at 5.

### B. Procedural Background

During expert discovery, Defendants designated Barbara Frederiksen-Cross to compare EMS and AIMS. Relevant to this Motion, Ms. Frederiksen-Cross's original report opined: (1) "none of the AIMS source code originally utilized for EMS is substantially similar to any source code produced by MedImpact"; (2) "the amount of [EMS] source code contaminated from AIMS was very small and was not related to PBM functionality, real-time claims processing functionality, or structural design"; (3) "while EMS does have the capability to adjudicate of [sic] medical claims, the capability to adjudicate Pharmaceutical claims has been removed"; and (4) although "AIMS and EMS are *capable* of performing adjudication in real-time, I am informed by the EMS team that, in an

---

[1] Each party accuses the other as attempting to perpetuate a lie. These characterizations are not helpful to the Court. The Court urges counsel to recognize that the parties disagree on many facts and remain open to the possibility that any mistakes were made in good faith. *See* CivLR 2.1(a)(1), (a)(3).

[2] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

abundance of caution, real-time pharmacy claims adjudication has not been connected into the EMS system for the UHIA (Egypt) project with Vodafone." Dkt. No. 597-2 at ¶¶ 187, 191, 202, 255. Although not disclosed in her original report, Ms. Frederiksen-Cross testified in her deposition that she based her opinions on a version of EMS still under development. Dkt. No. 597-1 at 14–15.

At her deposition, Ms. Frederiksen-Cross testified as follows regarding opinions (3) and (4): "Based on my review of the code I initially received, I think that the manual block for pharmacy [claim adjudication] had not yet been implemented at that point but was implemented at a point in time subsequent to that receipt of code." *Id.* at 28.

On June 30, 2022 (five months after expert discovery had closed), Defendants served a "Supplemental Expert Report," in which Ms. Frederiksen-Cross stated she reviewed the "latest source code" for EMS that became available to her on June 11, 2022, and opined: (1) "the capability to adjudicate Pharmaceutical claims has been removed from EMS"; and (2) "there is no AIMS source code in the current version of the EMS source code." Dkt. No. 597-8 at ¶¶ 3, 7.

Defendants then filed the present Motion seeking leave: (1) to supplement Ms. Frederiksen-Cross's prior expert opinions pursuant to Rule 26(e); or (2) in the alternative, reopen discovery to serve the Supplemental Expert Report. Dkt. Nos. 597, 598. Plaintiffs oppose the Motion asserting it contains new opinions on a new product and Defendants were not diligent. Dkt. Nos. 602, 603.

### III. DISCUSSION

Expert discovery closed on January 21, 2022, five months before Defendants served the Supplemental Expert Report. Dkt. No. 255. Defendants, therefore, must establish either: (1) the Supplemental Expert Report qualifies as a supplemental report under Rule 26(e); or (2) obtain relief from the Court's expert discovery cut-off. For the reasons discussed below, the Court finds: (1) the Supplemental Expert Report does not fall within Rule 26(e); and (2) Defendants have not established good cause to obtain relief from the expert discovery cut-off.

### A. Rule 26(e)

Rule 26(e) of the Federal Rules of Civil Procedure provides:

> (1) A party who had made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing;
>
> . . .
>
> (2) *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

"Rule 26(e) creates a 'duty to supplement,' not a right." *Luke v. Family Care and Urgent Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009).

Ms. Frederiksen-Cross's Supplemental Expert Report does not fall within Rule 26(e). It contains new opinions based on a new set of data. It also appears to be a belated attempt to: (1) bolster Ms. Frederiksen-Cross's original expert report (dated December 10, 2021) and deposition testimony (taken on February 11, 2022); and (2) hedge against Plaintiffs' *Daubert* motion (filed March 4, 2022 [Dkt. No. 421]) that sought to exclude Ms. Frederiksen-Cross's original "opinion that real-time adjudication has been removed from EMS [because it] simply repeat[s] witness testimony without any expert analysis." Dkt. No. 627 at 6. These are not permissible uses of Rule 26(e). *See Luke,* 323 F. App'x at 500 (Rule 26(e) does not "create a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed"); *Medtronic Vascular, Inc. v. Abbott*

*Cardiovascular Sys., Inc.*, No. C-06-1066-PJH-EMC, 2008 WL 4601038, at *1 (N.D. Cal. Oct. 15, 2008) ("A party may not rely on Rule 26(e)(1) as a way to remedy a deficient expert report or as a means of getting in, in effect, a brand new report.") (internal citations omitted).

The Court also notes that Ms. Frederiksen-Cross's Supplemental Expert Report was untimely when it was disclosed. Rule 26(e)(2) requires disclosure of a supplemental expert report "by the time the party's pretrial disclosures under Rule 26(a)(3) are due." The Court's Scheduling Order initially set a May 20, 2022 pretrial disclosure deadline (Dkt. No. 255) and the parties exchanged their pretrial disclosures on that date. Dkt. No. 559 at 5 ("Pretrial disclosures were then served on May 20, 2022."). Defendants did not disclose the Supplemental Expert Report until June 30, 2022, after the parties exchanged their initial pretrial disclosures. The Supplemental Expert Report, therefore, was untimely when it was disclosed.[3]

### B. Reopening Discovery

The Court next considers Defendants' alternative request that the Court reopen discovery to allow service of the Supplemental Expert Report.

A party moving to reopen discovery must show good cause. Fed. R. Civ. P. 16(b)(4). In evaluating good cause, courts consider: "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery . . . , (5) the foreseeability of the need for additional discovery in light of the time allowed . . . , and (6) the likelihood that discovery will lead to relevant evidence." *City of Pomona v. SQM N.A. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512,

---

[3] The Court recently ordered the parties to update their pretrial disclosures in light of the Court's recent rulings on dispositive and *Daubert* motions. Dkt. No. 633. Even if this somehow rendered the Supplemental Expert Report retroactively timely under Rule 26(e)(2), the Court finds it still was not made "in a timely manner" (as Rule 26(e)(1)(A) requires) for the reasons discussed below.

1526 (9th Cir. 1996) (vacated on other grounds)). The inquiry "focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). If the "[moving] party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

Defendants have not established good cause. Although Defendants contend the new EMS source code was not available until June 11, 2022, Plaintiffs submit evidence that a new version of Defendants' EMS source code was available no later than April 22, 2022. Dkt. No. 603-1 ¶4 (Bennett Declaration quoting Defendants' April 22, 2022 letter to Plaintiffs: "Defendants will, however, make available for inspection the present configuration of the EMS source code for Egypt, which only recently became available. Please advise when and where Plaintiffs' expert would like to review this source code.").[4] Despite this, Defendants did not provide a new version of EMS to Ms. Frederiksen-Cross until June 11, 2022, did not serve her Supplemental Expert Report until June 30, 2022, and did not file this Motion seeking to have the Court allow her report until August 18, 2022. These delays constitute a lack of diligence under the circumstances here, where expert disclosure closed on January 21, 2022, and where the parties exchanged pretrial disclosures in the interim. *Cf. Estate of Alejandro Sanchez v. Cnty. of Stanislaus*, 18-cv-00877-DAD-BAM, 2021 WL 1600237, at *3–4 (E.D. Cal. Apr. 23, 2021) (finding movant was not diligent because they waited more than seven months after non-expert discovery closed to file a motion to compel).

---

[4] It is unclear whether the version of the source code referred to in the April 22, 2022 letter is the same as the source code upon which Ms. Frederiksen-Cross's June 29, 2022 Supplemental Expert Report is based, or whether Defendants made additional changes to the source code between April 22, 2022 and June 29, 2022. But if additional changes were made, then it is unclear why Defendants would invite Plaintiffs' expert to review the version of the source code on April 22, 2022, if that was not the final version upon which Ms. Frederiksen-Cross would ultimately opine.

Although the lack of diligence ends the inquiry, *Johnson*, 975 F.2d at 609, the Court additionally finds that reopening discovery would prejudice Plaintiffs. Plaintiffs plausibly assert they would need to conduct substantial discovery regarding the opinions in the Supplemental Expert Report. Dkt. No. 602 at 13–14. The discovery Plaintiffs would logically need includes: (1) having their expert inspect the new source code and prepare new opinions in response; (2) conducting additional expert depositions, including of Ms. Frederiksen-Cross; (3) identifying and obtaining documents relating to the new EMS source code upon which the Supplemental Expert Report is based; and (4) deposing those involved in the development of the new EMS source code. *Id.* While Plaintiffs likely could conduct all this discovery before the February 21, 2023 trial, now is the time for trial preparation. Reopening discovery would prejudice Plaintiffs by diverting their efforts from trial preparation to conducting the discovery listed above. *Natural-Immunogenics Corp. v. Newport Trial Group*, No. 15-cv-2034-JVS-JCG, 2020 WL 8027978, at *2 (C.D. Cal. Aug. 7, 2020) ("[Non-movant] would be prejudiced here because opening discovery would further delay resolution of this action and potentially lead to further discovery disputes which in this action have been extraordinary in number.").

### IV.   MOTIONS TO SEAL

Each party filed a motion to seal documents. Dkt. Nos. 596, 601. Defendants request the Court seal documents lodged at Dkt. No. 597 (portions of Defendants' Motion and certain exhibits provided in support of the Motion) because these documents include an arbitration award "that requires all such submissions to remain confidential" and other "sensitive technical and business information." Dkt. No. 596 at 3. Plaintiffs request the Court seal the documents lodged at Dkt. No. 602 (portions of Plaintiffs' Opposition and certain exhibits in support of their Opposition) because they discuss "the parties' confidential and sensitive business information." Dkt. No. 601 at 3. Both parties filed redacted pleadings that omit the information in question.

Good cause appearing, the Court GRANTS the Motions to File Under Seal and directs the Clerk of Court to file the documents lodged at Dkt. Nos. 597 and 602 under

seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] particularized showing under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.") (internal quotations, citations, and edits omitted).

## V. CONCLUSION

The Court DENIES Defendants' Motion for Leave to Serve the Supplemental Expert Report of Barbara Frederiksen-Cross and GRANTS the parties' Motions to File Under Seal.

**IT IS SO ORDERED**.

Dated:  October 27, 2022

Daniel E. Butcher
United States Magistrate Judge